## BOAGNI v. POLICE JURY OF PARISH OF ST. LANDRY et al.

### No. 1095.

Court of Appeal of Louisiana. First Circuit.

Jan. 24, 1933.

L. A. Fontenot and R. L. Garland, both of Opelousas, for appellants.

Dubuisson & Dubuisson, of Opelousas, for appellee.

ELLIOTT, J.

Edward M. Boagni proceeded by rule against the police jury of the parish of St. Landry and the board of commissioners of Prairie Basse Gravity drainage district No. 15 to show cause why the expense which he had incurred by having made certain surveys, topographic and profile maps and plats of certain lands belonging to him for use in the above-mentioned suit should not be taxed against them as cost.

He alleges that certain surveys, maps, and plats were necessary and indispensable to the proper preparation of his petition and the proof of his demand in said case.

Defendants in rule aver that the suit in question was settled by compromise. They announce willingness to pay the sheriff's and clerk's cost and the fees of the witnesses, but they refuse to pay for the surveying, maps, and plats which the plaintiff caused to be made, contending that charges on said account are not under the law taxable against them as cost.

The rule was made absolute, and plaintiff's expenses on said account, in amount $130, were taxed as cost against the defendants. Defendants have appealed.

The only question involved is whether or not the lower court erred in condemning the defendants to pay plaintiff expenses caused in the way stated.

The plaintiff contends in his brief that de-

fendants admit their liability under the Pleading Act, Act No. 157 of 1912 (Amended by Act No. 27 of 1926), by not answering article 7 of his petition.

But defendants, in answering article 5 of plaintiff's petition, expressly deny the liability alleged against them on account of said surveying and the making of said maps and plats. We think the denial must have effect.

As to whether a proceeding by rule to fix and tax cost comes with the rules prescribed by the Pleading Act, in view of the provisions of the Code of Practice, arts. 124, 98, 146, etc., the question is not raised, and we express no opinion. It is sufficient that plaintiff's right to recover is expressly put at issue by the answer.

It was proved on the trial of the rule, that it was necessary for the plaintiff to employ a surveyor, civil engineer, and have certain surveys of lands belonging to him situated within the limits of the drainage district in question as first formed and to make topographic and profile maps and plats showing conditions concerning said lands relative to drainage.

The object of the suit was to bring about the elimination of certain lands from the defendants' drainage district. The surveys, maps, and plats were offered in evidence by the plaintiff on the trial of the case in support of the testimony of R. M. Hollier, surveyor, plaintiff's witness on the subject.

Defendants contend that the expenses which the plaintiff incurred in the way stated, were for his private information, made before any suit was filed, and are not such as the law provides may be taxed against them as cost. The surveys, maps, and plats were made for the purpose of obtaining information concerning the drainage of certain lands and to prepare the suit mentioned, and were subsequently used as evidence on the trial of the case in support of plaintiff's demand in connection with the testimony of R. M. Hollier, surveyor, etc. Defendants rely on the provisions of the Code Practice, art. 552, which enumerates certain expenses which may be taxed as cost, and cite State ex rel. Johnson v. Judges, 107 La. 69, 31 So. 645, and Claussen v. Cumberland Tel. & Tel. Co., 130 La. 143, 57 So. 780.

We agree with defendants that no charge or expense of a litigant can be taxed as cost against a party or parties cast in a suit unless such taxing is authorized by the law.

Plaintiff contends that the taxation prayed for is authorized by the Revised Statutes of 1870, § 750. This section, after referring to the cost of the clerk of court and sheriff, etc., further provides, "and all other costs allowed by the court, shall be taxed as costs." The Code Practice, art.

549, provides that, "In every case the costs shall be paid by the party cast." The Civil Code, art. 3195 et seq., contains further provisions on the subject. Code Practice, art. 552, does not undertake to enumerate all the expenses of a suit that may be taxed as cost.

Defendants say in their brief that section 750 of the Revised Statutes was superseded by Act Nos. 101 of 1870, 99 of 1876, and 203 of 1898 (Act No. 99 of 1876 is bound with the Acts of 1878). The Act Nos. 101 of 1870, 99 of 1876, and 203 of 1898 have no reference to charges and expenses of the kind which the plaintiff is claiming, and the provisions quoted from section 750 of the Revised Statutes have not been superseded. In the succession of Morgan, 124 La. 755, 50 So. 703, it was held that the Act No. 203 of 1898 had not repealed Act No. 101 of 1870 on the subject of notarial fees. Act 203 of 1898 was passed pursuant to the requirements of article 129 of the Constitution of 1898, and the constitutional provision calling for the enactment has no reference to charges and expenses of the kind in question. And we think the charges and expenses claimed by the plaintiff, having been necessary to enable plaintiff to prepare his suit, and afterwards offered and received in evidence on the trial of the suit in support of his demand, come within the purview of the provision quoted.

In the case Bentley et al. v. Fischer Lumber, etc., Co., 51 La. Ann. 451, 25 So. 262, the court said, on pages 458 of 51 La. Ann., 25 So. 262, 264: "We find a reference in the briefs to the expenses of plaintiff for maps and documentary evidence constituting necessary proof in the cause. For all such expenses that are essential to make out plaintiff's case, the power is in the lower court to tax such expenses as costs."

Defendants contend that the compromise settlement ended the case; that the surveying maps and plats that the plaintiff caused to be made were not necessary; that Hollier was not appointed an expert, etc.

The record shows a compromise, but it also shows a trial, and the surveys, maps, and plats were offered in evidence. We are unable to say that the defendants are not liable because the work was unnecessary; the evidence was received without objection.

The record does not show the appointment of R. M. Hollier as an expert, but he was called as a witness on the trial of the case on its merits, and evidently his testimony was deemed of use.

It is our conclusion that the lower court properly taxed the expense so incurred as cost against the defendants.

Judgment affirmed; defendants and appellants to pay the cost in both courts.