## LOUISIANA HIGHWAY COMMISSION v. HEBERT.

### No. 1145.

Court of Appeal of Louisiana. First Circuit.

May 22, 1933.

E. R. Stoker, of Baton Rouge, and L. L. Morgan, of Covington, for appellant.

Geo. R. Blum, of Donaldsonville, for appellee.

ELLIOTT, Judge.

Louisiana highway commission, plaintiff, against Aurelius Hebert, claims the right to expropriate and have adjudicated to the said plaintiff a small parcel of land, described as

follows to wit: A certain strip of land, situated in the parish of Ascension, beginning at the intersection of the west right of way line of the Baton Rouge-New Orleans Air Line highway with the line between Secs. 36 and 37, Tp. 8 S., R. 2 E., Southeast land district of Louisiana. Thence N. 43 ft. to the point of intersection with the original or existing right of way line of the Air Line highway. Thence southeasterly, curving with the said west right of way line of the Air Line highway a distance of 484 ft. more or less to a point opposite the present point of tangency at Station O—05—5. Thence N., 37° 50' W., 235 ft. to the section line between sections 36 and 37. Thence N., 23° 00' W., 215 ft. more or less to the point of beginning contains 11⁄100 of an acre.

The plaintiff alleges that it is engaged in the construction and completion of the paved highway from Baton Rouge to New Orleans, known as the Air Line highway, and that said parcel of land is needed for said purpose. It alleges that it cannot agree with said Hebert concerning the price. It therefore invokes the authority of the law, etc.

The defendant appeared and urged, as an exception, that the petition was vague and indefinite. This exception was overruled.

He then for answer denied that the land, described in the petition, was necessary for the purpose claimed, but, in the alternative and in the event it was otherwise found, he then, in that event, alleged that said parcel of land was worth $1,500. He prayed that plaintiff's demand be rejected, but, in the event, it was held that plaintiff was entitled to have the land for the purpose stated, he then, in that event, prays that the price be fixed at $1,500, and that plaintiff be ordered to pay the amount before it enters on the land.

A jury of freeholders, acting on the case, awarded the land to the plaintiff, fixed its value at $750, and in the judgment, based on the verdict, it is ordered that this amount be paid the defendant before the land is given up. Plaintiff has appealed.

The exception that the petition was vague and indefinite was properly overruled.

The evidence justifies the compulsory taking for the purpose stated, and the necessity for suit in order to fix the price also appears. The only question about which there is actual controversy is in regard to the value of the land taken and whether the value of defendant's remaining land is actually diminished as a result. The law concerning the amount to be paid the owner may be found by reference to the Constitution of 1921, art. 1, § 2; Civil Code, arts. 2627, 2628, and 497, and Revised Statutes, § 1482. The value put on this strip of land by the jury and approved

by the court is enough, on first sight, to excite comment, but the evidence makes the matter more understandable.

■ The land is necessary for the purpose of widening the highway at the junction of another road. The strip needed is about 484 feet long. At each end it terminates in a point, but in the center it is about 8 feet wide. The Air Line highway was projected through the western end of defendant's tract of land some time before the institution of the present suit, and a small body, a little less than 2 acres, was thereby cut off on the western side of the road, leaving the greater part on the eastern side. This strip comes from the small area left to the defendant on the western side.

Defendant has been receiving $20 annually by leasing and letting this narrow strip of land to various parties, who erect billboards thereon at the junction fronting the highway. These billboards are used for advertising purposes, and the site is desirable on that account. The evidence justifies the conclusion that the demand for space along this strip for the purpose mentioned will be greater in the future than at present, and it is conclusively shown that the value of defendant's land west of the highway will be lessened, and that defendant's frontage on the western side of the highway will be reduced by about 62 feet as the result of this taking. Defendant therefore suffers the loss of the small area taken, but, what is greater, he suffers loss of frontage, valuable for the purpose stated, and, narrow as this strip is, it seems that the frontage defendant loses will create a frontage in another tract belonging to another owner; the frontage gained by the other tract is equal to that lost by defendant. This other frontage at present belongs to the congregation of a church, who may possibly not desire to lease the church lands for billposting purposes, because such a thing might have taxation results; but, be that as it may, the congregation could sell its holdings, and, if it did, the purchaser, if for private purposes, would owe taxes and would want all the revenue he could obtain.

But the matter at which we are now looking is the actual value of the land taken and the actual loss and diminution in value, which defendant further sustains as the result of the lessening in value of the balance of his area west of the highway, directly due to this taking. After having considered the evidence on the subject of the value of the parcel of land taken and the actual lessening in value of defendant's remaining area west of the highway, as a result of the taking, it is clear that the amount allowed by the jury of freeholders and approved by the lower court is excessive and must be reduced. According to our ideas on the subject, the sum of $350 is ample compensation for the defendant on that account. The defendant has not appealed nor answered plaintiff's appeal; consequently the only matter on which we can act is the amount awarded to defendant.

For these reasons the amount allowed in the lower court is reduced from $750 to $350, with interest as stated in the judgment, and as thus amended and corrected the judgment appealed from is affirmed; plaintiff appellant to pay the costs in the lower court, defendant appellee the costs of the appeal.