174 So. 268

**LOUISIANA HIGHWAY COMMISSION v. PURPERA.**

No. 33681.

April 26, 1937.

N. S. Hoffpauir, of Crowley, and E. R. Stoker, of Baton Rouge, for appellant.

Jewell & Jewell, of New Roads, for appellee.

FOURNET, Justice.

The Louisiana Highway Commission, in order to obtain the necessary right of way for the construction of the Innis-Morganza Highway, instituted expropriation proceedings to acquire from the defendant, Frank Purpera, a certain lot of ground adjoining the depot of the Texas & Pacific Railway Station at Batchelor, Pointe Coupee parish, state of Louisiana, and containing 0.34 acres, on which there were improvements, consisting of a combination store building, warehouse and residence, and two outhouses.

The case was duly tried by a jury of freeholders who rendered a verdict fixing the value of the lot of ground at $500 and the improvements at $1,000, and accordingly, the lower court rendered judgment adjudicating the property to the plaintiff for its uses and purposes upon the payment by it to the defendant of the sum of $1,500 and all costs of court. The plaintiff has appealed.

The sole question presented here for our consideration is as to the correctness vel non of the jury's verdict on the amount allowed.

"In expropriation proceedings verdicts of juries composed of freeholders of the parish as to the value of the property are entitled to great respect, and it is a rule of long standing that unless such verdicts are manifestly erroneous they will not be disturbed by an appellate court." City of Shreveport v. Herndon, 173 La. 144, 136 So. 297, 298. See, also, Louisiana High-

way Commission v. Hoell, 174 La. 302, 140 So. 485; Texas Pacific-Missouri Pacific Terminal R. R. v. Strauss, 162 La. 553, 110 So. 753.

In the case at bar, the testimony of the witnesses for the plaintiff and of the witnesses for the defendant is at great variance as to the value of the property and the damages to the improvements. The average estimate of the value fixed by the plaintiff's witnesses is $440, whereas the average estimate fixed by the witnesses for the defendant is approximately $3,000.

Without narrating in detail the evidence, suffice it to say that most of plaintiff's witnesses knew very little about property values at Batchelor. Most of them made only a casual inspection of the premises and made their estimates of the value of the improvements from a salvage point of view only. On the other hand, the witnesses for the defendant used specific and accurately ascertained data for their estimates and gave more satisfactory reasons for their conclusions. A number of the defendant's witnesses were merchants and citizens who had lived at or in the vicinity of Batchelor for a number of years and based their opinions upon actual values of real estate at Batchelor from personal experience in acquiring and renting such property and from a thorough and detailed inspection of the improvements, and also by a comparison of rental values and purchases of similar property.

The remainder of defendant's witnesses were disinterested contractors who made thorough and detailed inspections of the improvements so as to fix the actual value thereof.

Moreover, the estimates of the defendant's witnesses and the finding of the jury in this case are supported by the additional facts that the property in question was acquired by defendant in the year 1921 for the sum of $2,001, at which time he expended the sum of $2,000 to repair the place to be used by him and his family as their home and also to operate a general merchandise store. In the year 1929 he made additions and repairs to the property amounting to $700. He continued to occupy the building until 1930, when he moved to Baton Rouge and leased the premises to his nephew for a period of eighteen months, for a monthly rental of $30, ending in the year 1932, at which time the plaintiff had definitely located the proposed highway so as to embrace the defendant's property. Therefore, he was unable thereafter to accept offers to lease the property. The building was insured for a number of years, up to and until it was vacated in 1932, for the sum of $1,500.

It is our opinion, in view of the circumstances, that the value fixed by the jury is not excessive, and its verdict, therefore, will not be disturbed by us.

For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.