PONDER, Justice.
 

 The Louisiana Highway Commission brought expropriation proceedings against the defendants, George Lee Hays, Daisy ■ Hays, Markley Hays, and the testamentary executors, George Lee Hays and Isaac L. Haspel, of the succession of Dr. G. A. B. Hays, to secure a right of way consisting of 2.11 acres of land across the lands of the defendants. Upon trial of these proceedings the jury of freeholders awarded the defendants $109.20 without designating what part thereof was allowed for the land taken or the amount allowed for damages. The judgment of the lower court was to the same effect. The defendants have appealed.
 

 The defendants contend that the amount awarded to them by the jury and the Judgment of the lower court was for the value of the land taken and that no award was made to them for the damages caused by the taking of the land. The defendants ask that the case be remanded to the. lower court in order that their claim for damages be determined or in the alternative that they be awarded $3,000 for such damages. The defendants claim1 that they are entitled
 
 *120
 
 to the cost of constructing two bridges over the canals, one on. each side of the road dug in constructing the road, also damages for the destruction of another canal that had been previously dug across their property- and for the destruction of a shrimp packing and shell crushing plant 1 situated at the end of the canal previously built across the defendants’ property.
 

 From our examination of the record we find that the defendants in their answer asked for the damages claimed and that testimony relative thereto was presented to the jury on the trial of the case. The plans and blueprints show that' canals were to be dug on each side of the road in order to secure the necessary earth to build the road embankment and for drainage purposes, and that ramps or passageways twenty feet wide were to be constructed across the canals on each side of the road, with culverts through them for necessary drainage, for the convenience of the defendants in passing to and from the property on each side of the road. There was a controversy over whether ramps or bridges should be built across the canals and testimony to this effect was presented to the jury. It is impossible for us to tell from the record whether the jury considered the ramps or passageways sufficient to accommodate the convenience of the defendants in passing to and from the property on each side of the road or whether allowance was made for the construction of' the bridges in the award. The preponderance of the testimony and especially the testimony of disinterested witnesses is to the effect that the value of the part of the land taken designated as high land was at the rate of $35 per acre and that part consisting of low land was worth the rate of $20 per acre. It is apparent that the award of the jury is for an amount in excess of the value of the land taken. Awards made by juries of freeholders in proceedings of this nature are entitled to great respect and unless manifestly erroneous will not be disturbed by an appellate court. Louisiana Highway Commission v. Purpera, 187 La. 219, 174 So. 268.
 

 There was also testimony presented to the jury touching the defendants’ claim for damages for the destruction of the previously built canal and packing plant and the preponderance of it, especially the testimony of the disinterested witnesses, is to the effect that the canal and plant have not been in use for a number of years and are of little or no value. The testimony shows that under- the present requirements of the board of health that a plant of this kind is required to have concrete floors and that it is impossible to place concrete floors in the plant without first destroying it because of the nature of its construction. The testimony clearly shows that the plant is in bad condition and a number of the disinterested witnesses testified that the plant in its present condition is nothing more than junk. The contention of the- defendants that the plant will be destroyed is based on the fact that the canal leading to it will be crossed and dammed up by the construction of the road thereby in effect destroying the plant. Since the preponderance of the testimony is to the effect that the canal and plant have not been in use for a number of years and are of little or no value, we are not prepared to say that
 
 *122
 
 the award made by the jury is manifestly erroneous.
 

 Counsel for the defendants lay stress on a statement made by the trial court in sustaining an objection to evidence offered by the defendants as to the cost of construction of a lateral road. In sustaining the objection the trial court in its ruling stated that the plaintiff could not be held for damages for the construction of lateral roads and that the plaintiff could only be held for the actual cost of the lands expropriated. From a reading of the record in this case it is apparent that this was an inadvertent statement on the part of the trial judge and that no effect was given to it. The defendants were permitted by the trial court without any restriction to introduce testimony in support of the claim for damages urged on this appeal. The trial judge did not reduce his charge to the jury to writing but the record reflects certain discussions between counsel showing, that a considerable portion of the charge consisted of special charges given at the request of the defendants. No contention was made or objection raised that would in any way indicate that the trial judge did not give a proper charge. At the time the award was made the only objection urged was to the effect that it did not provide for the cost to be paid by the plaintiff. Counsel for the plaintiff conceded at that time that the plaintiff should pay the cost.
 

 After carefully reviewing the record in this case, we do not feel that we would be warranted in remanding the case or to increase the award for the reason that we cannot say that the award made by the jury of freeholders and the judgment of the lower court are manifestly erroneous.
 

 For the reason^ assigned, the judgment is affirmed at appellants’ cost.