9 So.2d 389

WESTWEGO CANAL & TERMINAL CO., Inc., v. LOUISIANA HIGHWAY COMMISSION.

No. 36301.

June 29, 1942.

John E. Fleury, of Gretna, and F. Rivers Richardson, of New Orleans, for appellant.

Arthur B. Hammond, Knowles M. Tucker, and Joseph A. Loret, all of Baton Rouge, for appellee.

ROGERS, Justice.

In a suit brought by the Westwego Canal & Terminal Company, Inc., against the Louisiana Highway Commission to recover $6,700 for the value of certain land appropriated by the defendant, the plaintiff recovered judgment in the district court for $200, with interest from judicial demand and all costs.

On appeal to this Court, the judgment was affirmed. See Westwego Canal & Terminal Co., Inc., v. Louisiana Highway Commission, 189 La. 870, 181 So. 429. Thereafter, plaintiff filed a rule in the district court to tax costs against the defendant in the sum of $257.33, together with $64.08, the accrued interest from judicial demand, December 23, 1932, to the date on which the rule was filed, May 22, 1939. The amount claimed as costs is made up of the following items: Court costs, $33.67; Frank H. Waddill, for preparing maps and other drawings and for expert fees, $191.80; stenographer's charges, $28.50; and costs of blueprints, $3.36.

Answering the rule, the Louisiana Highway Commission denied that it is liable for costs. Respondent also denied that it owes interest except from the date of judgment.

After hearing the parties, the trial judge made the rule absolute for the amount of $28.50 claimed as stenographer's fees, and for interest, to be calculated from the date of judgment instead of from judicial demand. The trial judge declined to allow plaintiff in rule any recovery for the court costs amounting to $33.67, and for the expert fees and the cost of the maps and blueprints amounting to $195.16.

The plaintiff in rule appealed from the judgment, and in this Court filed a plea of res judicata, setting up the judgment rendered in the case as a bar to the contentions urged by the defendant in rule.

The Highway Commission claims that as a political subdivision or agency of the State it is exempt from the payment of costs, both under the general law and under the special law as set forth in Act 135 of 1936.

■ The liability of litigants for the payment of costs is fixed by statute. In the absence of express legislative sanction therefor, neither the State nor any instrumentality or agency representing the State can be held for costs. But the rule does not apply to a corporation acting as a governmental instrumentality where the statute creating the corporation has indicated an intention to subject it to the liability of an unsuccessful litigant for costs. Reconstruction Finance Corp. v. J. G. Menihan Corp., 312 U.S. 81, 61 S.Ct. 485, 487, 85 L.Ed. 595.

The Constitution of 1921, Article 6, Section 19 et seq., provided for the creation of the Louisiana Highway Commission. Pursuant to the constitutional mandate, the Commission was created by Act 95 of 1921, Ex.Sess., which invested it with the power and duty of constructing and maintaining highways. Section 3 provides: "The Commission shall be a body corporate and as such may sue and be sued, plead and be impleaded, in any Court of Justice." In construing a similar provision in the Act of Congress creating the Reconstruction Finance Corporation, the Supreme Court of the United States, in the case of that corporation against the J. G. Menihan Cor-

poration, held "that the words 'sue and be sued' normally include the natural and appropriate incidents of legal proceedings. The payment of costs by the unsuccessful litigant, awarded by the court in the proper exercise of the authority it possesses in similar cases, is manifestly such an incident."

■ It has been held, and now appears to be well settled, that the provision in Act 95 of 1921, Ex.Sess., whereby the Highway Commission is declared to be a body corporate and that as such it may sue or be sued, does not authorize suits against the Commission for the recovery of damages ex delicto. Kilberg v. Louisiana Highway Commission, 8 La.App. 441; Orgeron et ux. v. Louisiana Power & Light Co. et al., 19 La.App. 628, 140 So. 282, in which writs of certiorari and review were refused by this Court.

While Act 95 of 1921, Ex.Sess., does not authorize a suit sounding in damages ex delicto against the Highway Commission, it does authorize suits for damages against the Commission growing out of the expropriation by the Commission of the necessary rights of way. Thus Section 27 expressly authorizes the Commission to acquire by expropriation all rights of way needed for the constructing of a new highway or in changing the location of an old highway "under the general laws of the State relative to expropriations of private property for public purposes, in the event the owner of said property and the Commission, representing the State, should not agree upon the price thereof." The Commission is furthermore expressly authorized to institute such expropriation proceedings in the name of the

State, and the measure of damages for the rights of way expropriated is declared to be "the actual value of the land taken, taking into consideration all the facts and circumstances, location, present use, destination, improvements, and etc.", together with additional compensation for the damage done to improvements or crops located on the land. The statute further provides that after the Commission has laid out a road over a certain tract of land and the contract therefor has been let and the work thereon has begun, the landowner shall not be entitled to prevent or retard the construction of the road by any legal process, but shall be remitted to an action for damages.

■ It is clear that the payment of costs by the unsuccessful litigant is a natural and proper incident of such proceedings. Reconstruction Finance Corp., v. J. G. Menihan Corp. supra; Code of Practice, arts. 549 and 551; Civ.Code, art. 2638.

In Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169, the Highway Commission was held in damages for the dirt taken from nearby property and used in the building of a highway. As a party cast, the costs were due by the Highway Commission to the successful plaintiff. Code of Practice, arts. 549, 551. The judgment of the district court was rendered in June, 1930, and was affirmed by this Court in February, 1931. In fact, both prior and subsequent to 1936, it seems to have been the invariable rule that in expropriation proceedings the costs should be paid by the Highway Commission. Thus in the following cases, decided in the year 1931, the lower court awarded judgment for costs against

the Commission and these judgments were affirmed by this Court on appeal, viz., Louisiana Highway Commission v. Dunn, 173 La. 998, 139 So. 324; Louisiana Highway Commission v. De Bouchel, 174 La. 968, 142 So. 142; Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485; and Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319.

Another case in which the Highway Commission was condemned to pay costs is the case of Louisiana Highway Commission v. Guidry, reported in 176 La. 389, 146 So. 1, decided in 1933.

In an expropriation suit brought by the Louisiana Highway Commission against Hays and others, the award of the jury failed to provide that the costs should be paid by the Highway Commission. Counsel for the Commission conceded at that time that the plaintiff should pay the costs, and the judgment of the court was rendered accordingly. This judgment was rendered on November 9, 1936, and affirmed on appeal in May, 1941, Louisiana Highway Commission v. Hays, 198 La. 117, 3 So.2d 438.

In an expropriation suit brought by the Louisiana Highway Commission against Frank Purpera the judgment of the district court awarded costs against the Commission. The judgment was affirmed by this Court in April, 1937, and is reported in Louisiana Highway Commission v. Purpera, 187 La. 219, 174 So. 268. In a proceeding instituted by the Louisiana Highway Commission against Mrs. Elizabeth Grey to expropriate a strip of land as a right of way, this Court increased the amount awarded by the

district court to Mrs. Grey and assessed the costs of the suit against the Commission. The decree was handed down on April 28, 1941, and the rehearing was denied on May 26, 1941, and is reported in Louisiana Highway Commission v. Grey, 197 La. 942, 2 So. 2d 654.

In various expropriation proceedings reaching the Courts of Appeal, the Highway Commission invariably has been condemned to pay the costs. For example, see Louisiana Highway Commission v. Boudreaux, 19 La.App. 98, 139 So. 521, decided in 1932; Louisiana Highway Commission v. Hebert, La.App., 148 So. 64, decided in 1933; Louisiana Highway Commission v. Watkins, La. App., 172 So. 185, decided in 1937, and Louisiana Highway Commission v. Treadway, La.App., 173 So. 209, decided in 1937; Id., La.App., 175 So. 94, also decided in 1937.

With the exception of one case to which we shall hereafter refer, the liability of the Highway Commission for costs in expropriation proceedings has never been questioned. In this proceeding for the first time Act 135 of 1936 is cited and relied on by the Highway Commission as relieving it from the payment of costs in expropriation suits.

Section 1 of Act 135 of 1936 provides as follows:

"Section 1. Be it enacted by the Legislature of Louisiana, That, except as hereinafter provided, neither the State, nor any parish, municipality, or other political subdivision, public board or commission, shall be required to pay court costs in any judicial proceeding hereafter instituted or prosecuted by or against the State or any such parish, municipality or other political subdivision, board or commission; provided, that this Act shall have no application to stenographers' costs for taking testimony."

Counsel for the Westwego Canal & Terminal Company argue that Act 135 of 1936 has no application to this case because it specifically refers to suits "hereafter instituted," and the suit of the Canal & Terminal Company was filed four years prior to its enactment. The suit of the Westwego Canal & Terminal Company against the Louisiana Highway Commission was filed on December 23, 1932, but the judgment was not rendered in the district court until July 23, 1937. The judgment was affirmed by this Court on May 2, 1938. It will therefore appear that although the suit was filed prior to the enactment of Act 135 of 1936, it was prosecuted and finally decided long after the statute was in effect. The exact words used in the legislative act are: "hereafter instituted or prosecuted," which are broad enough to include not only suits filed subsequently to its enactment, but also suits which were instituted prior to its enactment but which were prosecuted subsequently thereto.

Act 95 of 1921, Ex.Sess., is a special law creating the Louisiana Highway Commission and investing it with wide powers for the accomplishment of the purposes for which it was created. Act 135 of 1936 is a general law the purpose of which is to exempt the State and its political subdivisions from paying court costs in judicial proceedings. Act 135 of 1936

is general in its operation and is without effect to repeal the special legislation embodied in Act 95 of 1921, Ex.Sess.. Whatever may be the effect of the statute as regards the payment of costs by the Highway Commission in suits brought by or against the Commission generally, it can not be held that the effect of Act 135 of 1936 is to relieve the Highway Commission from the payment of costs in expropriation proceedings. As we have hereinabove shown since Section 3 of Act 95 of 1921, Ex.Sess., which created the Highway Commission, provides that the Commission may sue and be sued, and Section 27 authorizes expropriation suits to be brought by the Commission, and suits for damages for property expropriated to be brought by the owner against the Commission, the costs of the proceedings may be assessed against the Commission.

To give to Act 135 of 1936 the effect presently contended for by the attorneys for the Highway Commission would make it unconstitutional, because it is provided in Section 2 of Article 1 of the Constitution of 1921 that private property can not be taken or damaged for public purposes without just and adequate compensation being paid therefor. This constitutional provision clearly contemplates that the class of expenses usually taxed as costs should be included as an element of the owner's damage, although it may be conceded that the statutes as to costs involved in civil actions do not apply. See 20 C. J., § 507, p. 1133; 30 C.J.S., Eminent Domain, § 381. One of the cases cited in support of this proposition is Petersburg School Dist. v. Peterson, 14 N.D. 344,

351, 103 N.W. 756, 759, in which the reason for the rule is stated as follows: "To hold that the owner must pay his own costs in resisting attempts to take his land against his consent, without first paying adequate and just compensation therefor, would nullify to a certain extent this constitutional guaranty, and result in giving him less than just compensation for his property. The constitutional provision means that he shall receive just compensation for his property, and not that the just compensation assessed by a jury shall be diminished to the extent of his costs. The provision was designed for the benefit of the landowner, and should be construed so as to give him its benefit to the full extent."

Also, the case of Stolze v. Milwaukee, etc., R. Co., 113 Wis. 44, 59, 88 N.W. 919, 924, 90 Am.St.Rep. 833, in which the reason for the rule is given as follows: "It cannot have been the purpose of the framers of the constitution that a person compelled to surrender his property for public uses shall have any less as compensation therefor than a full equivalent measured by all reasonable rules. That must include all necessary expenses incurred by him in the enforcement of his rights, which are taxable according to law. He must have in the end a full, just compensation for his property. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That is the true constitutional measure of his rights."

The case of Louisiana Highway Commission v. Bullis, 197 La. 14, 200 So. 805, is the exceptional case in which the contention was expressly made that the Highway Commission was not liable for costs in an expropriation proceeding. However, the contention there was not based on Act 135 of 1936. It was based entirely on the general rule that costs can be recovered in expropriation matters only under express statutory authority. The case inferentially holds that the Highway Commission may be cast for costs in an expropriation proceeding. The Highway Commission was relieved of the payment of costs in the Bullis case under the general law governing tender in expropriation proceedings as set forth in Article 2638 of the Civil Code. The Court held that, in view of the excessive demand made by the defendant, a formal tender would have been a useless ceremony and hence, that the costs of the proceeding should be paid by the owner and not by the Highway Commission. In the present case no such issue was made and the Highway Commission was cast for the costs both in the lower court and in this Court, hence, that issue has been foreclosed by the judgment.

■ The costs of the clerk, sheriff and witnesses' fees are taxable. Rev.Stat. 1870, § 750. Expenses incurred for surveys, maps and plats necessary to enable the party to make out his case are taxable as costs. Rev.Stat. 1870, § 750; Boagni v. Police Jury, La.App., 145 So. 781, citing Bentley v. Fischer Lumber Co., 51 La.Ann. 451, 25 So. 262. The fees and expenses of experts summoned and used by the successful litigant may be taxed as costs. Act No. 19 of 1884; Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 129 So. 170, citing Suthon v. Laws, 132 La. 207, 61 So. 204. Therefore, the Highway Commission is liable for all the costs herein claimed by the Westwego Canal & Terminal Company.

■ In its answer to the rule claiming interest and costs, the Highway Commission specially denies "that interest in the amount of Sixty-four Dollars and Eight Cents ($64.08) is due from judicial demand, for the reason that this was an action in the nature of a trespass and interest for damages in an action of trespass is only due from the date of the judgment liquidating said damages." The question of whether the interest is due the Westwego Canal & Terminal Company from judicial demand or from the date of judgment was foreclosed by the judgment which awarded the Company interest from judicial demand.

For the reasons assigned, the judgment appealed from is annulled so far as it denied the Westwego Canal & Terminal Company recovery for $33.67, court costs; $191.80 paid Frank H. Waddill for expert fees and expenses; $3.36 for the costs of blue prints; and condemning the Highway Commission to pay legal interest to be calculated "from the date of signing of the judgment."

It is further ordered that the judgment be amended so as to decree that the Louisiana Highway Commission be condemned to pay the following additional expenses.

as costs, to-wit: court costs, $33.67; expert fees and expenses of Frank H. Waddill, $191.80; costs of blueprints, $3.36.

It is further ordered that the Louisiana Highway Commission pay $64.08 as interest at the rate of five per cent per annum from judicial demand, December 23, 1932, to the date of filing the rule May 22, 1939. As thus amended, the judgment appealed from is affirmed, the costs of this proceeding to be paid by the Louisiana Highway Commission.

McCALEB, J., concurs with reasons.

McCALEB, Justice (concurring).

While I am in full accord with the conclusion reached in this case permitting recovery for costs incurred by the plaintiff, I entertain considerable doubt that Act No. 135 of 1936 relied upon by the Louisiana Highway Commission has any application to costs incurred by the adverse party in a lawsuit. The language used in Section 1 of that statute provides in substance:

"That * * * neither the State, * * * or other political subdivision, public board or commission, *shall be required to pay court costs in any judicial proceeding* hereafter instituted or prosecuted by or against the State * * * subdivision, board or commission; * * *." (Italics mine.)

To my mind, this Act merely has the effect of relieving the State or any of its political subdivisions of the requirement to pay the court costs normally due by them in a judicial proceeding, but it should not be interpreted to mean that public boards or other subdivisions which are permitted to sue and be sued shall not be held liable for the costs incurred by the successful adverse party. Costs in a judicial proceeding are an incident to the judgment of the court and form a part of such judgment. There is nothing contained in the provisions of the Act in question which suggests that it was the intention of the Legislature to exonerate public bodies such as the Highway Commission from being cast for the adverse party's costs. On the contrary, the Act, as I view it, merely relieves such public bodies of the requirement of paying costs which may be due by them.

For these reasons, I respectfully concur in the decree.