On Application for Rehearing.
 

 PER CURIAM.
 

 While counsel for the appellant in their application for a rehearing in this case urge as a ground for a rehearing that the amount awarded to the defendants by the district court should be reduced to not more than $7,000, they have failed to specify in what manner We erred, nor have they assigned any argument in support thereof additional to that urged .in their original brief; consequently, nothing is. presented for our reconsideration in this-respect.
 

 Their brief is devoted entirely to the second ground urged for a rehearing, that is, that in our decree the Louisiana Highway Commission (now the Department of Highways) is condemned to pay the costs of the appeal, in contravention of the provisions of Act No. 135 of 1936 exempting the state, all parishes and municipalities, and all other political subdivisions, public boards or commissions from paying court costs in any judicial proceedings excepting stenographer’s costs for taking testimony.
 

 Of course, in taxing the appellant with the costs in this case, the court could
 
 *633
 
 not, nor did it intend to, include therein any costs other than those allowed by law, such as the stenographer’s costs specifically authorized by Act No. 135 of 1936 and such costs as may have been incurred by the defendants in the proceedings. See, Westwego Canal & Terminal Co., Inc., v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389.
 

 The rehearing is refused.