LANDRY, Judge
(dissenting).
Although I heartily concur in that portion of the majority opinion rendered herein fixing the compensation due defendant landowner in the sum of $24,500, and establishing the fees of the expert witnesses Brown and Perkins (for testifying before the Court) in the sum of $50.00 each and taxing said fees as costs herein, for the reasons hereinafter set forth I most respectfully dissent from that portion of the judgment assessing the expenses of defendant’s appraisers Brown and Perkins (in the amounts of $450.00 and $325.00, respectively), against plaintiff as “damages” and allowing defendant interest thereon from date of judicial demand, until paid.
In awarding defendant landowner recovery of the expenses incurred by his appraisers in preparation of giving their testimony in Court as elements or items of damages, the majority opinion is obviously and unquestionably predicated solely upon the language contained in State, Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869, which my esteemed colleagues deem decisive of the issue.
I most respectfully contend, however, that in so doing my learned brothers have been led into error by what I consider to be the inadvertent use of the word “damages” in State v. Barineau, supra.
For purposes of the present discussion, I see no need to set forth the cited language appearing in the majority opinion. It suffices to say, however, that the views stated on the subject by the Supreme Court in the Barineau case, were expressly predicated upon Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389; Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612, and Gulf Shipside Storage Corp. v. Thames, 217 La. 128, 46 So.2d 62.
Predicated upon the applicable constitutional provision which guarantees payment of just and adequate compensation for property taken for public purposes, the cases in our jurisprudence are legion to the effect that in expropriation proceedings the landowner is entitled to the fair market value of property expropriated (compensation for land actually taken) and “damages” consisting of “severance damages” the measure of which is the diminution in value of remaining property occasioned by the taking. I believe that a reading of the innumerable decisions on the subject matter will support the position that in expropriation proceedings the amount paid the landowner for property condemned is customarily referred to as “just and adequate compensation” whereas the term “damages” is applied exclusively to awards made to property owners for diminution in value of property remaining but nevertheless reduced in value as a result of the expropriation.
*472 Although the Barineau case, supra, does apparently classify the expenses of the landowner’s appraisers in preparing for trial as in the nature of “damages” the authorities therein relied upon do not, in my humble judgment, support the conclusion.
In Westwego Canal and Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389, the landowner filed a rule to tax as costs certain fees and expenses paid or incurred to expert witnesses in defense of an expropriation action. In dealing with the subject matter, the Supreme Court stated:
“The costs of the clerk, sheriff and witnesses’ fees are taxable. Rev.Stat. 1870, § 750. Expenses incurred for surveys, maps and plats necessary to enable the party to make out his case are taxable as costs. Rev.Stat.1870, § 750; Boagni v. Police Jury, La.App., 145 So. 781, citing Bentley v. Fischer Lumber [& Mfg.] Co., 51 La.Ann. 451, 25 So. 262. The fees and expenses of experts summoned and used by the successful litigant may be taxed as costs. Act No. 19 of 1884; Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 13 La.App. 444, 129 So. 170, citing Suthon v. Laws, 132 La. 207, 61 So. 204. Therefore, the Highway Commission is liable for all the costs herein claimed by the Westwego Canal & Terminal Company.
* * * * * *
“For the reasons assigned, the judgment appealed from is annulled so far as it denied the Westwego Canal & Terminal Company recovery for $33.-67, court costs; $191.80 paid Frank H. Waddill for expert fees and expenses; $3.36 for the costs of blue prints; and condemning the Highway Commission to pay legal interest to be calculated ‘from the date of signing of the judgment.’
“It is further ordered that the judgment be amended so as to decree that the Louisiana Highway Commission be-condemned to pay the following additional expenses as costs, to-wit: court costs, $33.67; expert fees and expenses-of Frank H. Waddill, $191.80; costs-of blueprints, $3.36.” (Emphasis supplied)
Gulf Shipside Storage Corporation v. Thames, 217 La. 128, 46 So.2d 62, also cited in support of the language employed' in the Barineau case did not involve an expropriation proceeding but concerned' only the effective date of Act 291 of 1948 which made certain changes in Act 97 of 1936, known as the Louisiana Unemployment Compensation Law. The decision simply holds that since the case was not an expropriation proceeding, plaintiff therein was not entitled to judgment against defendant (a state agency) for costs.
The last case cited by the Supreme Court in State v. Barineau, supra, is that of Harrison v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612. The Harrison case does not hold that costs-incurred by a landowner in defense of an expropriation proceeding are recoverable as “damages”. It merely holds (upon authority of Westwego Canal & Terminal Co. v. Louisiana Highway Commission) that in an expropriation proceeding the condemning authority is responsible to the successful property owner for all costs incurred by the owner in proving his case. I find nothing which would indicate an intention to classify the owner’s expenses as “damages” instead of “costs”.
In view of the express classification of such items of owner expense as “costs”' in the Westwego Canal and Terminal case, the Supreme Court could not, in my judgment, categorize such items as “damages”' in the Barineau case without expressly overruling the former authority. I find no language in the Barineau case which even remotely suggests an intention to overrule the Westwego Canal and Terminal Company case.
*473 As I view the several decisions, the import of the language used in the Barineau •case is to the effect that whereas the expenses of the property owner’s appraisers are recoverable as costs, they are nevertheless in the “nature of damages” as the latter term is customarily and ordinarily used considering that denial of their recovery would, to the extent thereof, deprive the landowner of the just and adequate compensation to which he is entitled for land taken or severance damages due for land not actually taken but diminished in value by virtue of the erection or construction of the facility which gave rise to the expropriation proceeding. The net •effect of the Barineau case (insofar as concerns the issue presently under con-, sideration) is simply that in an expropriar tion proceeding the property owner is entitled to recover THE NET MARKET VALUE OF PROPERTY TAKEN AND THE NET WORTH OF SEVERANCE DAMAGES PROVEN. The Barineau case further points out (and I believe correctly so) that if the landowner is denied recovery of such items he does not receive the full measure of recovery guaranteed by our state constitution.
If such expenses are recoverable as “damages” it necessarily follows that the expropriating agency is liable for interest thereon. I do not detect in the Barineau case or any other decision language indicative of intent to hold that the landowner is due interest on items of cost.