ELLIS, Judge.
The State of Louisiana, through the Department of Highways, instituted this suit for the expropriation of land belonging to 46 co-owners scattered throughout the United States and in connection therewith deposited in the registry of the court the sum of $25,520.00. The co-owners refused to accept this amount as just compensation and entered into negotiations with the plaintiff which resulted in the deposit by the plaintiff of an additional sum of $1,-230.00 in the registry of the court and also a judgment fixing the true and just compensation of the property expropriated at $26,750.00, instead of $25,520.00 originally deposited as just compensation by the State. This judgment further provided:
“It is further ordered, adjudged and decreed that the plaintiff, State of Louisiana, through the Department of Highways, pay all costs of these proceedings.”
The itemized cost bill of the Clerk of Court reveals that the court costs amounted to $2,283.90. Demand was made by the Clerk of Court on the plaintiffs for the payment of these costs which was refused upon the ground that the State only owed court costs incurred by the defendants-landowners, and that they had paid this sum in the amount of $159.75. There is no dispute as to the total amount of the costs, only that the State is liable solely in expropriation proceedings for the court costs *719 incurred by; the defendants-landowners and not for any other costs even though statutorily payable ordinarily by the losing party in suits other than expropriations by the State or other suits in which the State is a party.
Consequently, The Honorable James A. Stire, Clerk of the Court of Tangipahoa Parish, filed a rule nisi in which he is seeking a judgment of the court ordering the State, through the Department of Highways, after due hearing, to pay the total amount of the accrued costs.
The trial court held that the plaintiff was relieved of the payment of the balance of the cost bill amounting to $2,124.15 and in paying the $159.75 had completely complied with the law as these were all the costs that had been legally incurred by the defendants-landowners in this case. The court relied upon R.S. 13:4521 and 19:12.
R.S. 13:4521 is the general statute of this State which exempts the State and other public bodies with which we are not concerned from the payment of court costs and it provides:
“Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This Section shall have no application to stenographers’ costs for taking testimony. As amended Acts 1964, No. 509, § 1.”
R.S. 19:12, relating to payment of costs in expropriation proceedings, reads as follows:
“If a tender is made of the true value of the property to the owner thereof, before proceeding to a forced expropriation, the costs of the expropriation proceedings shall be paid by the owner.”
The lower court also relied upon the holding in State Through Dept. of Highways v. Rownd, La.App., 119 So.2d 285, and Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129. We will discuss these cases hereinafter in this opinion.
We are of the opinion that under the settled jurisprudence of this State, R.S. 13:4521, supra, has no application whatsoever to an expropriation proceeding. Also, that where the State does not make a tender of the true value of the property to the owner before proceeding to a forced expropriation, which it is agreed are the facts of the present case, the State shall pay all costs which are fixed by the statute and ordinarily taxable to the losing litigant, which in the present case would include the full amount of court costs incurred in the sum of $2,283.90.
One of the earliest cases involving the question now before this court is Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389. In the beginning of this suit, Justice Rogers stated:
“In a suit brought by the Westwego Canal & Terminal Company, Inc., against the Louisiana Highway Commission to recover $6,700 for the value of certain land appropriated by the defendant, the plaintiff recovered judgment in the district court for $200, with interest from judicial demand and all costs.” (Emphasis added.)
Further in discussing the question of costs beginning at page 391 the Supreme Court stated:
“It is clear that the payment of costs by the unsuccessful litigant is a natural and proper incident of such proceedings. Reconstruction Finance Corp., v. J. G. Menihan Corp. [312 U.S. 81, 61 *720 S.Ct. 485, 85 L.Ed. 595] supra; Code of Practice, arts. 549 and 551; Civ. Code, art. 2638.
“In Booth v. Louisiana Highway Commission, 171 La. 1096, 133 So. 169, the Highway Commission was held in damages for the dirt taken from nearby property and used in the building of a highway. As a party cast, the costs were due by the Highway Commission to the successful plaintiff. Code of Practice, arts. 549, 551. The judgment of the district court was rendered in June, 1930, and was affirmed by this Court in February, 1931. In fact, both prior and subsequent to 1936, it seems to have been the invariable rule that in expropriation proceedings the costs should be paid by the Highway Commission. Thus in the following cases, decided in the year 1931, the lower court awarded judgment for costs against the Commission and these judgments were affirmed by this Court on appeal, viz., Louisiana Highway Commission v. Dunn, 173 La. 998, 139 So. 324; Louisiana Highway Commission v. De Bouchel, 174 La. 968, 142 So. 142; Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485; and Louisiana Highway Commission v. Ferguson, 176 La. 642, 146 So. 319.
“Another case in which the Highway Commission was condemned to pay costs is the case of Louisiana Highway Commission v. Guidry, reported in 176 La. 389, 146 So. 1, decided in 1933.
“In an expropriation suit brought by the Louisiana Highway Commission against Hays and others, the award of the jury failed to provide that the costs should be paid by the Highway Commission. Counsel for the Commission conceded at that time that the plaintiff should pay the costs, and the judgment of the court was rendered accordingly. This judgment was rendered on November 9, 1936, and affirmed on appeal in May, 1941, Louisiana Highway Commission v. Hays, 198 La. 117, 3 So.2d 438.
“In an expropriation suit brought by the Louisiana Highway Commission against Frank Purpera the judgment of the district court awarded costs against the Commission. The judgment was affirmed by this Court in April, 1937, and is reported in Louisiana Highway Commission v. Purpera, 187 La. 219, 174 So. 268. In a proceeding instituted by the Louisiana Highway Commission against Mrs. Elizabeth Grey to expropriate a strip of land as a right of way, this Court increased the amount awarded by the district court to Mrs. Grey and assessed the costs of the suit against the Commission. The decree was handed down on April 28, 1941, and the rehearing was denied on May 26, 1941, and is reported in Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654.
“In various expropriation proceedings reaching the Courts of Appeal, the Highway Commission invariably has been condemned.to pay the costs. For example, see Louisiana Highway Commission v. Boudreaux, 19 La.App. 98, 139 So. 521, decided in 1932; Louisiana Highway Commission v. Hebert, La.App., 148 So. 64, decided in 1933; Louisiana Highway Commission v. Watkins, La.App., 172 So. 185, decided in 1937, and Louisiana Highway Commission v. Treadway, La.App., 173 So. 209, decided in 1937; Id., La. App., 175 So. 94, also decided in 1937.
“With the exception of one case to-which we shall hereafter refer, the liability of the Highway Commission for costs in expropriation proceedings has never been questioned. In thfe proceeding for the first time Act 135' of 1936 is cited and relied on by the Highway Commission as relieving it from the payment of costs in expropriation suits.
*721 “Section 1 of Act 135 of 1936 provides as follows:
“ ‘Section 1. Be it enacted by the Legislature of Louisiana, That, except as hereinafter provided, neither the State, nor any parish, municipality, or other political subdivision, public board or commission, shall be required to pay court costs in any judicial proceeding hereafter instituted or prosecuted by or against the State or any such parish, municipality or other political subdivision, board or commission; provided, that this Act shall have no application to stenographers’ costs for taking testimony.’
“Counsel for the Westwego Canal & Terminal Company argue that Act 135 of 1936 has no application to this case because it specifically refers to suits ‘hereafter instituted,’ and the suit of the Canal & Terminal Company was filed four years prior to its enactment. The suit of the Westwego Canal & Terminal Company against the Louisiana Highway Commission was filed on December 23, 1932, but the judgment was not rendered in the district court until July 23, 1937. The judgment was affirmed by this Court on May 2, 1938. It will therefore appear that although the suit was filed prior to the enactment of Act 135 of 1936, it was prosecuted and finally decided long after the statute was in effect. The exact words used in the legislative act are: ‘hereafter instituted or prosecuted,’ which are broad enough to include not only suits filed subsequently to its enactment, but also suits which were instituted prior to its enactment but which were prosecuted subsequently thereto.
“Act 95 of 1921, Ex.Sess., is a special law creating the Louisiana Highway Commission and investing it with wide powers for the accomplishment of the purposes for which it was created. Act 135 of 1936 is a general law the purpose of which is to exempt the State and its political subdivisions from paying court costs in judicial proceedings. Act 135 of 1936 is general in its operation and is without effect to repeal the special legislation embodied in Act 95 of 1921, Ex.Sess. Whatever may be the effect of the statute as regards the payment of costs by the Highway Commission in suits brought by or against the Commission generally, it can not be held that the effect of Act 135 of 1936 is to relieve the Highway Commission from the payment of costs in expropriation proceedings. As we have hereinabove shown since Section 3 of Act 95 of 1921, Ex. Sess., which created the Highway Commission, provides that the Commission may sue and be sued, and Section 27 authorizes expropriation suits to be brought by the Commission, and suits for damages for property expropriated to be brought by the owner against the Commission, the costs of the proceedings may be assessed against the Commission.
* * * * * *
“Also, the case of Stolze v. Milwaukee, etc., R. Co. 113 Wis. 44, 59, 88 N.W. 919, 924, 90 Am.St.Rep. 833, in which the reason for the rule is given as follows: ‘It cannot have been the purpose of the framers of the constitution that a person compelled to surrender his property for public uses shall have any less as compensation therefor than a full equivalent measured by all reasonable rules. That must include all necessary expenses incurred by him in the enforcement of his rights, which are taxable according to law. He must have in the end a full, just compensation for his property. It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That is the true constitutional measure of his rights.’
******
*722 “The costs of the clerk, sheriff and witnesses’ fees are taxable. Rev.Stat. 1870, § 750. Expenses incurred for surveys, maps and plats necessary to enable the party to make out his case are taxable as costs. Rev.Stat.1870, § 750; Boagni v. Police Jury, La.App., 145 So. 781, citing Bentley v. Fischer Lumber Co., 51 La.Ann. 451, 25 So. 262. The fees and expenses of experts summoned and used by the successful litigant may be taxed as costs. Act No. 19 of 1884; Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 129 So. 170, citing Suthon v. Laws, 132 La. 207, 61 So. 204. Therefore, the Highway Commission is liable for all the costs herein claimed by the Westwego Canal & Terminal Company.” (Emphasis added)
This is one of the leading cases on the question under consideration. As we understand the holding, the Supreme Court specifically held that Act 95 of 1921, Ex. Sess., was a special law and that Act 135 of 1936 which was general in its operation was without effect to repeal the special legislation embodied in the former act. As we further understand, it specifically holds that they are to pay all costs and specifically the costs of the clerk, sheriff and witness fees, expenses incurred for surveys, maps and plats necessary to enable the party to make out his case, fees and expenses of experts summoned and used by the successful litigant and, finally, the Supreme Court says “Therefore, the Highway Commission is liable for all the costs herein claimed by the Westwego Canal & Terminal Company.” Evidently the West-wego Canal & Terminal Company claimed all the costs in the suit, including the costs of the clerk, sheriff and witness fees, etc., as described in the portion of this opinion which we have quoted.
In the case of Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129 (which was relied upon by the lower court in arriving at its conclusion that the Highway Commission did not owe any clerk’s or sheriff’s costs or the usual costs which a loser must pay), the court stated at page 131:
“Their brief is devoted entirely to the second ground urged for a rehearing, that is, that in our decree the Louisiana Highway Commission (now the Department of Highways) is condemned to pay the costs of the appeal, in contravention of the provisions of Act No. 135 of 1936 exempting the state, all parishes and municipalities, and all other political subdivisions, public boards or commissions from paying court costs in any judicial proceedings excepting stenographer’s costs for taking testimony.
“Of course, in taxing the appellant with the costs in this case, the court could not, nor did it intend to, include therein any costs other than those allowed by law, such as the stenographer’s costs specifically authorized by Act No. 135 of 1936 and such costs as may have been incurred by the defendants in the proceedings. See, Westwego Canal & Terminal Co., Inc., v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389.”
We believe that the language used by the court in the last paragraph is in conflict with the specific holding of the Supreme Court in the Westwego Canal & Terminal Company case which is relied upon as authority for the statement made by the court in the Davis case. As we view it, Act 135 of 1936, which is now R.S. 13:4521, has absolutely no application to costs in an expropriation proceeding. The Westwego Canal & Terminal Company case specifically held “the costs of the proceedings may be assessed against the Commission”. Again, the costs of the clerk, sheriff, and witnesses’ fees are taxable, etc., supra. The Supreme Court in the Westwego Canal Company case cited with approval the Stolze case in which it said “It must not be diminished by any costs reasonably incurred in condemnation proceedings, or in *723 collecting the award, which are ordinarily taxable by the rules of law in favor of the prevailing party in an action or proceeding to make his judicial remedy effective. That is the true constitutional measure of his rights.” (Emphasis added.) We do not believe the Supreme Court intended to say in the Westwego Canal Company case that Act 135 of 1936, now R.S. 13:4521, was completely “without effect to repeal the special legislation embodied in Act 95 of 1921, Ex.Sess.” and in the Davis case to hold that it did have application to expropriation proceedings. We think the language used by the Court is too broad and contrary to the specific holding of the Westwego Canal Company case which is relied upon as an authority for the statement in the Davis case. We believe the quoted statement from the Davis case, supra, should be disregarded.
The case of State Through Dept. of Highways v. Rownd, 119 So.2d 285, is in the same category as the Davis case and followed the erroneous language of the Supreme Court in the Davis case and not the strict holding of the Supreme Court as it intended in the Westwego Canal Company case. We believe that our position is borne out by the holding of the Supreme Court in State Through Dept. of Highways v. Barineau, 225 La. 341, 72 So.2d 869, in which Chief Justice Fournet as the organ of the court specifically stated:
“The trial Court, in rendering judgment in this case, decreed that the ‘plaintiff pay all costs of this cause.’ However, counsel for the defendant, noting that the Court in its reasons for judgment expressed the opinion that ‘Under the law the plaintiff herein cannot be assessed with any cost other than the stenographer’s fees,’ argues that the defendant should he allowed ‘all normal fees of the clerk, sheriff, etc.,’ plus $75 paid by him as a fee to his real estate appraiser, Mr. N. B. Stoer.
“Although the lower court rendered the proper judgment, the statement contained in the Court’s ‘Reasons’ is incorrect, since the general rule that the-State and its political subdivisions, public boards or commissions are exempt from payment of court costs except ‘stenographers’ costs for taking testimony’, LSA-R.S. 13:4521, does not apply in expropriation proceedings. In these, the State is liable for costs,, unless tender of the true value of the-land has been made before proceeding-to a forced expropriation, in which case-‘the costs of such proceedings shall be-paid by the owner’, LSA-Civil Code,. Art. 2638; LSA-R.S. 19:12; Louisiana Hwy. Comm. v. Bullis, 197 La. 14, 200 So. 805; American T. & Tel. Co. v. Maguire, 219 La. 740, 54 So.2d 4. To hold that the owner must pay-his own costs in resisting attempts to-take his land without his consent would' nullify to a certain extent the constitutional guarantee of just and adequate-compensation, Art. 1, Sec. 2, La.Const. of 1921, which ‘clearly contemplates-that the class of expenses usually taxed" as costs should be included as an element of the owner’s damage * * *.’ Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389, 392; see, also, Harrison, v. Louisiana Highway Commission, 202 La. 345, 11 So.2d 612; Gulf Shipside Storage Corp. v. Thames, 217 La. 128, 46 So.2d 62. (Emphasis added)
“The judgment of the District Court is-not limited; it decrees that the State-shall pay all costs — meaning, of course, legal costs in proceedings of this type. When and if the defendant takes a. rule to have such fees fixed and taxed as costs, should he consider himself' aggrieved by the judgment of the-Court, then the matter can properly be reviewed on appeal.” (Emphasis added)
The Supreme Court re-affirmed what it: said in the Westwego Canal & Terminal". *724 Company case and it stated that LSA-R.S. 13:4521 “does not apply in expropriation •proceedings.”
■One of the latest cases cited by the Supreme Court is Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274, with Justice McCaleb as the organ of the ..court, in which it was held:
'“From this adverse decision defendant applied here for certiorari and a writ was granted but limited to the •question of assessment of costs against •defendant.
'“There can be no doubt that the Court ■of Appeal incorrectly assessed court •costs against defendant. Although R.S. 13 :4521 relieves public boards from the payment of court costs, except stenographers’ costs for taking testimony, it is well settled that this provision is without application to costs expended by defendants in condemnation cases (see Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389), unless tender of the true value of the property has been made before proceeding to a forced expropriation. R.S. 19:12, State [Through Dept. of Highways] v. Barineau, 225 La. 341, 72 So.2d 869 and Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So.2d 600.
“In this Court, counsel for plaintiff acknowledges, as he must, the force of the foregoing jurisprudence and has conceded that the Court of Appeal erred in casting the defendant for costs.
“The judgment of the Court of Appeal, insofar as it condemned defendant to pay costs, is annulled and reversed and it is now ordered that all taxable costs incurred in these proceedings in all courts be paid by plaintiff.” (Emphasis added.)
Again, in Housing Authority of New Orleans v. Polmer, 231 La. 452, 91 So.2d 600, the Supreme Court stated:
“This point is well taken. While R.S. 13:4521 exempts the state and its political subdivisions, public boards or commissions from the payment of court costs except for stenographers’ costs for taking testimony, it is well settled that this act is without application to the costs expended by defendants in expropriation proceedings, see Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389, unless tender of the true value of the property has been made before proceeding to a forced expropriation. R.S. 19:12 and State [Through Dept. of Highways] v. Barineau, 225 La. 341, 72 So.2d 869. In the instant matter, since plaintiff did not tender $3,600 to defendant prior to the institution of these proceedings, it should have been cast for defendant’s court costs.
“The judgment appealed from is therefore amended to the extent that the court costs incurred by defendant in these proceedings, including costs of appeal, are to be paid by plaintiff. As thus amended, the judgment is affirmed.”
It is true that the court used language to the effect that R.S. 13:4521 is without application to the costs “expended by defendants in expropriation proceedings” but also cited as authority the Westwego Canal & Terminal Company case as well as State Through Dept. of Highways v. Barineau, supra. The citation of these cases could only mean that they were following the holding in those two cases and they specifically held that all costs and/or in the Westwego Canal & Terminal Company case sheriff’s and clerk’s costs, all statutory costs would be paid by the Highway Commission if it loses the case. Also, the Supreme Court in State Through Dept, of Highways *725 v. McDuffie, 240 La. 378, 123 So.2d 93, which was an expropriation case, stated:
“all costs to be assessed to the plaintiff.[5]
Note 5 cites the Polmer case along with the Barineau case.
In State Through Dept. of Highways v. Jones, 243 La. 719, 146 So.2d 414, our Supreme Court with Justice Hawthorne as its -organ held:
“It is well settled that the liability of litigants for the payment of costs is fixed by statute. Westwego Canal & Terminal Co. v. Louisiana Highway Commission, supra; Opelousas, Gulf & N. E. Ry. Co. v. St. Landry Cotton Oil Co., 121 La. 796, 46 So. 810; Deal v. Hodge, 124 La. 998, 50 So. 823; Claussen v. Cumberland Telephone & Telegraph Co., 130 La. 143, 57 So. 780; Reynaud v. Uncle Sam Planting & Mfg. Co., 158 La. 1083, 105 So. 72.
'“In the Westwego case this court had before it the question of whether the fees of an expert for services of the ■same kind as those with which we are -dealing in the instant case were assessable as costs, and concluded that they were under Act 19 of 1884, the source of R.S. 13:3666.[2] In the Westwego
case this court said:
“ ‘ * * * The fees and expenses of experts summoned and used by the successful litigant may be taxed as costs. Act No. 19 of 1884; Levy v. McWilliams, 13 La.App. 444, 127 So. 761, 129 So. 170, citing Suthon v. Laws, 132 La. 207, 61 So. 204. * * * ’
“In the instant case the fees with which we are here concerned are made an item of costs by statute and under the jurisprudence of this court, and should have been assessed as such.”
It is to be noted that the Westwego Canal & Terminal Company case is cited as authority and as a matter of fact the quote from that case to the effect that the fees and expenses of experts summoned and used by the successful litigant may be taxed as costs is contained in the same paragraph of the Westwego case which states:
“The costs of the clerk, sheriff and witnesses’ fees are taxable. Rev.Stat.1870 § 750. Expenses incurred for surveys, maps and plats necessary to enable the party to make out his case are taxable as costs. Rev.Stat.1870, § 750; Boagni v. Police Jury, La.App., 145 So. 781, citing Bentley v. Fischer Lumber Co., 51 La.Ann. 451, 25 So. 262.”
Then follows the above quote with regard to the fees and expenses of experts summoned and used by the successful litigant which may be taxed as costs.
Therefore, clearly under the Jones case the clerk’s costs in the present suit are taxable as costs and should be paid by the Highway Commission in this case in accordance with LSA-R.S. 19:12, since the tender of the true value of the property appropriated was not made prior to the taking by the State. The State in the present case deposited $25,520.00 in the registry of the court and secured an order of expropriation. At this point the expropriation of the property was complete. The record shows that there was a dispute as to the sufficiency of the deposit and thereafter in the settlement of this dispute the State deposited an additional sum in the registry of the court and the judgment shows that the defendants received $26,750.00 as the true and just compensation for the property expropriated. The judgment was signed based upon this amount and among other things the plaintiff, State of Louisiana, through the Department of Highways, was ordered to “pay all costs of these proceedings.” The costs of the Clerk of the Court are among those *726 which the plaintiff should pay. There were some 46 defendants in various parts of the country who had to he cited and served. There doesn’t seem to be any dispute about the legality of the clerk’s cost bill, merely that the State does not have to pay it under the Rownd and Davis decisions. We believe the State is bound to pay all statutory costs under the decisions and the law which we have hereinabove cited and set forth.
Accordingly the judgment of the District Court is hereby reversed and it is ordered that the rule be made absolute and that the State of Louisiana, through the Department of Highways, pay to James A. Stire, Clerk of Court in and for the Parish of Tangipa-hoa all statutory costs incurred in the suit of The State of Louisiana, through the Department of Highways versus Fay W. Reim-ers, et ah, in the amount of $2,283.90 subject to a credit of $159.75 previously paid by defendant in rule.
Reversed.
LANDRY, J., dissents.

“5. State Through Dept. of Highways v. Barineau, 1954, 225 La. 341, 72 So.2d 369; Housing Authority of New Orleans v. Polmer, 1956, 231 La. 452, 91 So.2d 600.”

“2. R.S. 13:3666 was amended by Act 114 of 1960, after the district court had rendered judgment in the present case.