O’NIELL, C. J.
 

 This is a proceeding to expropriate a right of way, 80 feet wide, through the defendant’s farm, for a concrete public highway. The farm has an area of 320 acres, is in a high state of improvement and cultivation, and is the defendant’s place of residence. The highway as now located is a graveled road extending along a part of the southern boundary and along tile western boundary of the farm, and the residence and other buildings are located in proper proximity and relation to the high,way. The right, of wáy for the new highway will extend from a point on the south Kound.ary and near the southeast corner of the farm, in a direction N. 21° 51' W., to and through a point on the north boundary and very near the northwest corner.of the farm, and will so bisect the farm as to leave the two tracts almost of equal area and almost triangular in shape. The length of the pro
 
 *305
 
 posed right of way, through the defendant’s farm, is nearly a mile, and the area is nearly 9 acres — 8.871 acres as calculated by the highway commission’s engineer, and 8.98 acres as calculated by the engineer who testified for the defendant.
 

 The defendant, in his answer to the suit, claimed $1,000 as the value of the area to be expropriated arid $8,500 damages to the remaining property. The jury of freeholders assessed the value of the land to be taken at $1,000 and the damages to the remaining property at $2,500, and ’the district judge gave judgment áccordingly for $3,500. The highway commission has appealed, and the defendant, answering the appeal, prays that the amount of the judgment be increased to $9,500.
 

 It is well settled, of course, that an award made by .a jury of freeholders in an expropriation proceeding is deemed to be the impartial estimate of twelve disinterested expert appraisers, and is entitled to the approval of the court, unless, from the evidence In the case, the amount awarded is manifestly wrong. The amount allowed in this case for the value of the area of land to be taken, $1,000, is more than the same acreage would -be worth if taken off of either end or side of the farm; but, considering the shape and location of the area taken, $1,000 is not an excessive price. The amount allowed for damages to the remaining part of the farm, $2,-500, is for destruction of crops (conceded to be $125.00), and the expense of moving and rearranging the residence and two tenant houses, and of building and maintaining nearly. two miles of fence, and the inconvenience and loss of time of transferring the farm laborers and teams and implements from one side to the other side of the highway, in the cultivation of the farm. The record does not show how the jury apportioned these costs and expenses, but we take it for granted that they did make an apportionment in order to arrive at the total of $2,500; and we do not believe that we could by any method of apportionment obtain a more accurate result. Hence we affirm the estimate of the jury.
 

 The only question of law presented comes from the refusal of the judge to charge the jury, at the request of the attorneys for the highway commission, that any damages that the defendant might otherwise be entitled to should be offset to the extent of any general benefit or advantage that might result from the construction of the concrete highway through the defendant’s property. We assume that, by the expression “general benefit or advantage,” was meant the benefit or advantage that might result generally to all of the owners of lands adjacent to or in the vicinity of the highway. The attorneys for the highway commission cite and rely upon three' decisions on the subject, viz. New Orleans Pacific Railway Co. v. Gay, Tutor, 31 La. Ann. 430; New Orleans Pacific Rail way Co. v. Murrell, 34 La. Ann. 536; and Abney v. Texarkana, Shreveport & Natchez Railroad Co., 105 La. 446, 29 So. 890, 892. In the two New Orleans & Pacific. Railway Company Oases it was held that the jury, in an expropriation suit, had the right to set off against the damages to the defendant’s remaining property “the advantages and benefits to the owner derived from the projected railroad and the enhanced value of the property by reason of the public improvement.” But we assume that the court had reference to some special advantage or benefit to that
 
 *307
 
 particular property, and not to a general 'enhancement of value of property in that vicinity, derived from the projected railroad ; because, in Shreveport Traction Co. v. Svara, 133 La. 900, 63 So. 398, it was held that, .although the jury in an expropriation case might take into consideration any special benefit which the railroad might be to the remaining land of the defendant, in assessing the damages thereto, nevertheless the railroad company had no more right to tax the defendant in that way for any incidental advantage that he might derive therefrom than it had to tax any other landowner whose prop•erty was similarly affected, but neither taken nor damaged. In Abney v. Texarkana, .Shreveport & Natchez Railroad Co. it was found that Abney’s claim for damages for inconvenience in crossing the railroad embankment, and for impairment of drainage; was “not by any manner of means reasonably ■certain,” and that that was “also true of defendant’s claim for accruing benefits;” and, for that reason, it was said: “We have concluded that one is, or should be, considered as ■equivalent to the other.” In the latest decision on the subject, Brittingham v. Board of ‘Commissioners, 167 La. 368, 119 So. 259, with regard to an expropriation by a board of com-missioners of a drainage district, of land •needed for a drainage canal, it was held that the damages to the remaining part of the defendant’s land could not be offset by the benefit or advantage which would result thereto from the drainage canal, because it was presumed that the owner of the land would, like ■every other landowner in the district, bear his just proportion of the cost of the public improvement. By the same token, a landowner whose property is taken or damaged for the purpose of constructing a public highway should not, for that reason, be compelled to bear more of the cost of the public improvement and benefit than is borne by a neighbor whose land is neither taken nor damaged for the public purpose.
 

 The judgment is affirmed.