MILLER, Judge.
This is an expropriation suit by the Louisiana Department of Highways, plaintiff, taking a portion of land belonging to John Martin, Sr., defendant, for use in the construction of an interchange of Highway 1-10 immediately north of the City of Lafayette. The trial court ordered defendant to pay $15,973.00 for the property expropriated and $4,500.00 for severance damages to the remainder of defendant’s property. Plaintiff appealed to this court on the question of severance damages.
The property is located approximately one and one-half miles north of the City of Lafayette and about one mile north of U.S. Highway 90. Before the taking, defendant’s property consisted of a 50 acre tract of high, well drained land, rectangular in shape and to date being used for agricultural purposes. It fronted 2531 feet on a parish-maintained road and 866 feet on Louisiana Highway 725, which is an extension of Louisiana Highway 723 to the north. After completion of 1-10, the subject property was situated in the northeast quadrant of the interchange.
The land expropriated amounted to 8.-625 acres in a roughly triangular shape, leaving a remainder of slightly more than 41 acres on which defendant’s home is located. Plaintiff deposited $12,675.00 as the estimated amount of compensation due defendant, being $10,575.00 for the land and fencing taken and $2,100.00 for severance damages to the remainder. An order of expropriation issued, and the deposit was withdrawn on about August 5, 1964.
Defendant filed answer containing a demand for $26,616.00, being $20,616.00 for the land and improvements taken and $6,-000.00 for severance damages to the remainder. Prior to trial, plaintiff filed a supplemental and amending petition for the purpose of changing the estimate of just compensation due defendant. The new estimate was $14,721.00 for land and improvements, and severance damages were negated.
The trial court awarded defendant $15,-525.00 for the 8.265 acres taken, based upon a value of $1,800.00 per acre. A stipulated amount of $448.00 was awarded for fencing, making a total of $15,973.00 for land and improvements plus $4,500.00 for severance damages for a total award of $20,-473.00.
The trial court found that the taking had diminished the value of 10 acres of defendant’s property because access to this 10 acres was limited. The particular 10 acres in question consists of an irregular, *550 almost triangular in shape, tract of land lying in the south portion of the remaining 41 acre tract.
In computing the amount of the severance damages, the trial court reasoned that the 10 acres, which it valued at $1,800.-00 per acre, was diminished in value by 25% due to the taking and control of the access, and thus defendant was entitled to an award of $4,500.00 severance damages. The trial court found that there were no special benefits accruing to the remainder of defendant’s property which would offset the damages to the 10 acre tract.
We find the decision of the trial judge to be correct.
We are here concerned with the issue of whether the improvement (1-10 interchange) was a special benefit to the remainder of defendant’s property or whether it was a general benefit.
General benefits are those which are common to and shared by the public, and special benefits are those which are peculiar to specific property or properties. Severance damages may be offset to the extent that the remainder of the landowner’s property has been specially benefited by the improvement, but there is no offset where the benefit is merely general in nature. Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485 (1932); Louisiana Highway Commission v. Grey, 197 La. 942, 2 So.2d 654 (1941) and State v. Cooper et al., 213 La. 1016, 36 So.2d 22 (1948). Like most general rules, which sound both wise and simple when bandied about in purely philosophical or academic circles, the rub comes when the principle is dropped in to the crucible of specifics, to-wit: Who gets, or keeps, the money ?
The courts, in this state and elsewhere, are virtually unanimous in holding that where the improvement benefits the community as a whole, it is general; and where it benefits an individual it is special. The courts are divided when the problem falls into the area of benefit to the neighborhood which is what we have here.
We don’t find it necessary to get into an involved analysis of the testimony of the appraisers. Both sides presented competent real estate appraisers. Suffice it to say that the State’s witnesses found the benefits to be special and the landowner’s witnesses found them to be general.
The evidence shows that all of the land in the area of the new interchange gained in value as a result of its projected location. However, this gain in value was general as to all land in the area, whether or not part of the tract was taken for the new improvement. The preponderance of the evidence supports the trial court’s determination that the increase in value of the subject tract was a general benefit, and thus not available as an offset against severance damages. East Baton Rouge Parish Council v. Roller, La.App. 1st Cir., 94 So.2d 505.
The tract still fronted upon the same country road as formerly, and all the property in the neighborhood, whether roadside or not, appreciated generally because of the long-range prospects of future possible uses of property in the area of an interchange near an urban area. However, all of the property in the general neighborhood so appreciated, not just that property situated adjacent to the interchange or in its immediate vicinity. Defendant’s tract had road frontage before the taking, and after the taking had less frontage than before. The State put in no new roads fronting defendant’s land, nor did it improve any existing frontage road, which distinguishes this case from the Grey and Cooper decisions. Had the State, for instance, put in a service road adjacent to the controlled access road fronting the 10 acre strip, this would have been a special benefit and thus acceptable as an offset against severance damages. There is no such road. Moreover the 10 acre portion is irregular in shape and thus its total area cannot be utilized to the same extent as a more symmetrically shaped tract. The *551 access to the 10 acre portion will be awkward to say the least, and this further limits the uses to which it can be put.
Both plaintiff and defendant accepted the court’s evaluation of the property at $1,800.00 per acre. The trial judge found that the 10 acre tract had been damaged to the extent of 25% of its value or $4,500.00. We think he was correct.
The judgment of the trial court awarding defendant $15,973.00 for the land and improvements taken and $4,500.00 for severance damages plus interest in accordance with law is affirmed. Costs are taxed to Plaintiff-Appellant.
Affirmed.
On Application for Rehearing
En Banc. Rehearing denied.