MILLER, Judge.
The State of Louisiana, through the Department of Highways expropriated, for highway purposes, certain property of defendant Ferdinand J. DeRouen, Sr., in the Parish of St. Landry, pursuant to the authorization of LSA-R.S. 48:441 et seq.
The part taken was the front 55 feet of seven lots, each of which measured (before expropriation) sixty front feet by a depth of one hundred forty feet. The lots in question are numbered 14 through 20 of Block “F”, Oaklawn Subdivision, and front on Louisiana Highway 13. This highway is an extension of 8th Avenue in Eunice, Louisiana, and the lots are about a mile to a mile and one-half north of the Eunice City Limits.
The date of the taking (which fixes just compensation for the part taken) was January 18, 1966. The trial was concluded October 10, 1968, the date on which severance damages are to be computed.
The State deposited $3,341 as just compensation for the property expropriated, and contended that there were no severance damages. Defendant’s answer claimed $10,500 as compensation, and $3,500 in severance damages.
The trial court awarded $5,760.30 as just compensation and $2,234.92 in severance damages (allowing credit for the $3,341 previously deposited) together with 5% interest from January 18, 1966. Plaintiff appealed and here contends that the award of compensation is excessive and that severance damages were not proved.
The Oaklawn Subdivision was subdivided into 94 lots in July of 1956. At that time defendant-landowner filed “residential” restrictions applicable to the subdivi *661 sion, but these restrictions excluded Block “F” which fronted Highway 13. Those lots were reserved for commercial purposes. Several years prior to the expropriation, almost all of the residential lots were sold by defendant. Lots 14 through 20 of Block “F” were vacant and were being held for commercial purposes.
The land fronting Highway 13 between Oaklawn Subdivision and (south to) Eunice is built up with homes. There are a few small businesses along the way. The area along the highway to the north is also developed and was described in State through Dept. of Highways v. Mamou Development Co., 218 So.2d 342 (La.App. 3rd Cir. 1969). The Green Oaks Subdivision there under consideration, fronts the same Highway and is located approximately two miles north of Oaklawn. In that case we affirmed the trial court’s award of $2,000 per lot. The taking was made in the same month as the taking in this case. Here the trial court’s award (made prior to our decision in Mamou Development) was based on a valuation of $2,100 per lot.
On this basis the square foot value was 250. This times the square footage taken, accounted for the award of $5,760.30 as just compensation. Severance damages were assessed at one-fourth of that or 6J40 per square foot applied to the remaining property. This totaled $2,234.92.
The trial court awarded severance damages on the basis that 60 foot lots to a depth of 85 feet were not suitable for commercial properties. This did not allow sufficient depth for a building and the necessary parking area. Furthermore, the 35 to 40 foot wide ditch separating the lots from Highway 14 was a substantial factor. Additionally, the elevation of the highway further reduced the value of the remaining properties.
Plaintiff’s experts were Mr. Maurice Chappuis of Lafayette and Mr. Stanley A. Tiger of Crowley. Both are well qualified appraisers who have testified in numerous cases. Mr. Chappuis valued the lots at approximately $1,080 or 13^ per square foot, while Mr. Tiger valued them at $1,200 or 14)40 per square foot. Both stated that the best and highest use of the property was “residential or commercial”. Each made an impressive study and report, and considered some thirty different sales which they adjusted to make them compa-rables. Neither has ever sold, traded, developed subdivisions, or handled land transactions in the Eunice area.
Neither expert assigned severance damages to the remainder of defendant’s property. While each admitted that he would require a depth of at least 140 feet if he subdivided commercial lots, both were adamant that the reduction of these lots to a depth of 85 feet did not reduce the 130 or 14)40 per square foot value assigned to the remaining portion, which was the same value each assigned to the portion taken.
Defendant’s experts on valuation were Mr. Joseph Aquilla Duplechain, Mr. Richard Reed and Mr. Newton Thibodeaux. Each of these men has been active in the real estate business in the Eunice area for many years. They made a joint appraisal and concluded that the lots were worth $2,500 each; that the part taken was the most valuable and it had a value of $1,500 per lot; that the remaining part of each lot which should have been worth $1,000 per lot, was only worth $500; and that therefore severance damages were suffered in the amount of $500 per lot or a total of $3,500.
The trial court, after reviewing the evidence and finding that defendant reserved this property for commercial use, stated:
“The comparables used by the Department of Highways are mainly residential, and they show value of roughly comparable lots of $1,500. One of the three or four comparables used mainly by the defendant showed a value of $3,-000 for a residential lot. When you have that sort of disparity in testimony, it is rather difficult to pick out just one line and hew to it, and the Court must, *662 therefore consider the evidence as a whole, the qualifications of the experts, their experiences, and even though you have comparables, it has to consider to some extent the peculiar knowledge that the local appraiser or real estate man has as to what goes on in that immediate vicinity.”
Plaintiff objects . to reference to the lot valued at $3,000, pointing out that to the date of the taking, not one lot used by any expert as a comparable sold for more than $1,612.50. The $3,000 per lot sale price (32‡ per square foot, $42.70 per front foot) was found in the sale from Mr. Woodson Harvey to Mr. Avie Vige dated April 27, 1966, some three months after the taking. As additional reasons for disregarding the sale, plaintiff points to the fact that the Vige property was better located, being a part of a subdivision partially located within the Eunice city limits, and that Vige had a special reason for wanting that particular property.
While this transaction cannot be used to determine the fair market value of property taken three months earlier, it does confirm the testimony of defendant’s experts —that property values in the Eunice area as of January 1966 were substantially higher than in the period 1960 to 1964. Most transactions which were considered as comparables took place from 1960 to 1964.
The trial judge properly permitted consideration of the Vige transaction to show the market trend. State through Dept. of Highways v. Mamou Development Co., 218 So.2d 342 at 345.
We have before us the same experts for the State and the same experts (excepting one) for defendant-landowner, that testified in the Mamou Development case, supra. We have commercial lots fronting the same highway affected by a taking made in the same month. The $2,100 per lot valuation here is in line with the $2,000 per lot valuation approved in that case.
In Mamou Development however, severance damages were not awarded. There, that portion of the commercial lots which remained after the taking, was combined by the trial judge to make new lots approximately 100 feet by 98 feet. This made up six lots which offset severance damages. So far as this record shows, this was not suggested to the trial court. But it is urged before us on appeal.
While we are reluctant to change the trial court’s decree to provide for something not presented to the trial court, but urged for the first time on appeal, we are convinced that severance damages are eliminated in this case by combining the property in the manner approved in Ma-mou Development.
By combining the remaining portion of the seven lots, defendant will have three lots, each with a frontage of 140 feet on Highway 13, by a depth of 85 feet. Logic requires the conclusion that these lots have a net value to defendant which offsets severance damages to the remainder of the original seven lots. By denying severance damages, we are following our decision in the Mamou Development case, supra.
We amend the trial court’s judgment by eliminating the award of $2,237.92 in severance damages. The Department of Highways is entitled to a refund of this amount, from its deposit, together with interest at the rate of 5% per annum from the day defendant-landowner withdrew this portion of the trial court’s award. State through Department of Highways v. Busch, 254 La. 541, 225 So.2d 208 (1969). In all other respects the judgment is affirmed. Costs of this appeal are assessed to defendant-appellee.
Amended and affirmed.