240 So.2d 717

**STATE of Louisiana, Through the DEPART-MENT OF HIGHWAYS**

**v.**

**Ferdinand J. DeROUEN, Sr.**

**No. 50319.**

Nov. 9, 1970.

D. Ross Banister, Chester E. Martin, Alva Jones, Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant-respondent.

Jacque B. Pucheu, Eunice, for defendant-appellee-relator.

SANDERS, Justice.

This is an expropriation proceeding under LSA–R.S. 48:441 et seq., commonly referred to as the Quick Taking Statute. The State of Louisiana expropriated from Ferdinand J. DeRouen, Sr. the front 55 feet of seven lots numbered 14 through 20 of Block "F", Oaklawn Subdivision, located on the Eunice-Mamou Highway in St. Landry Parish. Before the expropriation, each of the lots had a frontage of 60 feet on Louisiana Highway No. 13 and a depth between parallel lines of 140 feet. After the expropriation, the lots had a depth of only 85 feet and were bounded on the east by a large ditch and an elevated highway and on the west by a public alley.

The State deposited $3,341.00 as compensation for the property taken, but contended there was no severance damage to the remainder of the property. The owner demanded $10,500 as compensation for the property taken and $3,500 as severance damage.

The district court found that the highest and best use of the property taken was commercial and rendered judgment in favor of the landowner for $5,760.30 as compensation for the property taken and $2,234.92 as severance damage.

The State appealed. The Court of Appeal affirmed the district court's award of $5,760.30 as compensation for the property taken but reversed the district court's award of severance damage. 228 So.2d 659. On application of the landowner, we granted certiorari to review the judgment of the Court of Appeal. 255 La. 237, 230 So.2d 90.

The single question presented to this Court is whether or not the landowner is entitled to severance damage.

*Severance damage* may be defined as the compensable injuries resulting from the partial expropriation of a tract of land. Lafayette Parish, Etc. v. Hernandez, 232 La. 1, 93 So.2d 672 (1957); Dakin and Klein, Eminent Domain in Louisiana § 2, p. 67 (1970). Normally such damage consists of the diminution in the market value of the remaining property. Under the Quick Taking Statute, the measure of such damage is the difference between the market value immediately before the expropriation and the reduced market value on the date of the trial. LSA–R.S. 48:453; State, Through Department of Highways v. Mouledous, La.App., 199 So.2d 185, cert. denied 250 La. 934, 199 So.2d 927.

In reversing the trial judge, the Court of Appeal held:

"In * * * [State, Dept. of Highways v. Mamou Development Co., 218 So.2d 343] however, severance damages were not awarded. There, that portion of the commercial lots which remained after the taking, was combined by the trial judge to make new lots approxi-

mately 100 feet by 98 feet. This made up six lots which offset severance damages. So far as this record shows, this was not suggested to the trial court. But it is urged before us on appeal.

"While we are reluctant to change the trial court's decree to provide for something not presented to the trial court, but urged for the first time on appeal, we are convinced that severance damages are eliminated in this case by combining the property in the manner approved in Mamou Development.

"By combining the remaining portion of the seven lots, defendant will have three lots, each with a frontage of 140 feet on Highway 13, by a depth of 85 feet. Logic requires the conclusion that these lots have a net value to defendant which offsets severance damages to the remainder of the original seven lots. By denying severance damages, we are following our decision in the Mamou Development case, supra."

■ We disagree with this holding. It is evident that the holding is based upon the evidence in an unrelated case. There is no evidence in the present case that severance damage can be minimized by combining the lots.

The expert testimony at the trial is conflicting as to whether the taking resulted in severance damage. The State's two ex-

perts testified there was no severance damage. The three expert appraisers called by the landowner testified, however, that the remaining property had suffered a reduction in market value of $3500.00. The trial judge considered "the evidence as a whole, the qualifications of the experts, their experience, and * * * the peculiar knowledge that the local appraiser or real estate man has" and fixed the severance damage at $2,234.92.

The record reflects that the subdivision plan designated these lots for commercial use. Their market value for commercial purposes has been diminished by the subtraction of depth, leaving inadequate space for building and parking areas. Complicating commercial use also are the elevation of the highway and the 35-foot-wide ditch separating the property from the highway. The trial court's finding of severance damage is entitled to great weight, and we find nothing in the record to cause us to disturb it.

For the reasons assigned, the judgment of the Court of Appeal rejecting severance damages is reversed and the judgment of the district court is reinstated and made the judgment of this Court. Costs in this Court and the Court of Appeal are assessed against the plaintiff.

TATE, J., is recused.