DOMENGEAUX, Judge.
Plaintiff, the State of Louisiana, through its Department of Highways, expropriated two portions of the rice farming land belonging to defendant La Haye Brothers, Inc., for purposes of constructing a highway (State Highway 13) in Evangeline Parish, Louisiana. In this case a total area of 19.89 acres was expropriated and in the companion case of State of Louisiana, through Department of Highways v. La Haye Brothers, Inc., 277 So.2d 203, a total of 9.24 acres were taken from the same defendant. The two cases were con *200 solidated for trial and have remained so on appeal. We treat both in this opinion, but render separate judgments for each.
The plaintiff and the defenclant entered into stipulations regarding the nature, quantity and value of the property taken, as well as a number of incidental matters. The issues left for the trial court to decide, and which have been presented to us on these appeals, involve the severance damages due for injury to twenty-two and one-half acres of land not taken, and the damage to a cow pen, a water trough, and a water well, likewise not taken. The trial court awarded defendant the sums of $250.00 per acre in severance damages; $1,100.00 for the cow pen; $150.00 for the water trough, and $6,000.00 for the water well. Plaintiff has appealed asking that these awards be set aside, and additionally, complaining of the trial court’s award of $1,675.00 as the fee of one of defendant’s appraisers, Mr. Preston Babineaux.
The evidence shows that plaintiff’s highway was in part constructed along new alignment which traversed defendant’s land, and roughly paralleled a railroad track. The effect was to leave two tracts of the defendant’s land, totaling twenty-two and one-half acres, lying between the railroad track and the new highway. The remainder had formerly constituted part of a much larger area used alternatively for the growing of rice and the pasturage of cattle. It is no longer suitable for the former purpose because it now lies between two elevations, the railroad track and the highway, thus making it highly susceptible to flooding, and additionally because its narrow width (some 200 feet) make it impractical for cultivation with the large equipment presently in use on such rice farms. The fact that it is severed from the remaining land by a highway eliminates its use as pasture because of the danger inherent in permitting cattle to cross the highway. In the opinion of defendant’s experts these factors damage the twenty-two and one-half acres, originally valued by stipulation at $700.00 per acre, to the extent of $400.00 per acre.
Plaintiff’s experts, while they do not question the diminished value of the twenty-two and one-half acres for agricultural purposes, assert that the highest and best use of that land is no longer agricultural as it now enjoys extensive frontage on a new highway. They consider it’s highest and best use to have become light commercial or industrial, and as such they say that it is worth up to $2,500.00 per acre. Thus plaintiff argues that any severance damages that may have been due are more than offset by the enhanced value of the property.
In support of its contention plaintiff points to two sales that have taken place since the expropriation. The first of these was a sale of 0.566 acre to one Allen F. Berzar by defendant for the sum of $3,000.00. The land sold formed part of the remaining twenty-two and one-half acres under discussion, and was situated just north of the city limits of Mamou, Louisiana. The second sale was of 0.27 acre lying just north of defendant’s property. It too is low land fronting on the new Highway 13, but it also enjoys frontage on Highway 10, and at the time of the sale it contained a frame residence. This sale was made for a consideration of $4,500.00.
Defendant argues that those sales are not truly representative of the value of its remainder as both of them were for the purpose of establishing lounges. It was explained that lounges situated within the town of Mamou must by law close at 1:00 A.M. The economic benefits to be derived by such establishments situated beyond the reach of the closing law, but sufficiently near the town as to be conveniently accessible to its residents are obvious, and would certainly justify the payment of premium prices for the land. We do not opine, however, that those sales, being for the specific purpose of establishing lounges with all the attendant benefits of the loca *201 tion peculiar to such establishments, constitute a valid gauge of the value of the land as a whole.
Defendant’s expert witnesses did not consider the remainder to be of any commercial or industrial value because of its low position in relation to the bordering highway and railroad tracks, and the flooding condition that this would produce. Even one of plaintiff’s experts testified that the two lounges had been constructed on stilts. It was defendant’s position that the cost of filling in the land would be prohibitive, and therefore destructive of any commercial value that it might have by virtue of its proximity to the new highway.
The trial judge evidently concluded that defendant’s position was correct and that the land was too low to be of significant commercial or industrial value. This is a factual conclusion which we cannot, in view of the evidence, proclaim to be manifestly erroneous. Accordingly, we must and do accept his determination, and we therefore need not discuss the legal question of whether such benefits to the land as were said by plaintiff to have accrued by virtue of the new highway may be used to offset the damages claimed by defendant. Defendant did not question the amount of severance damages set by the trial judge, i. e., $250.00 per acre, and we consequently affirm that portion of the j udgment.
The remaining issues are likewise factual. The defendant proved that it expended the sums awarded it by the trial court for that purpose, in constructing a new cattle pen' and water trough on the west side of the new highway where its cattle could have safe access to them. It was shown that while the old facilities, located on the east side of the highway, between it and the railroad tracks, were not expropriated, they had been deprived of all usefulness and economic value, as cattle cannot safely be driven across, or permitted to roam about, a highway. Landowners have previously been allowed damages for the cost of removing barns, houses, fences, etc., from portions of their land that have been severed from the main acreage by new highways or other constructions. Louisiana Highway Commission v. Hoell, 174 La. 302, 140 So. 485; Louisiana Rural Electric Company, Inc. v. Wimberley, 69 So.2d 542; Louisiana Highway Commission v. Johnson, 189 So. 314. We know of no reason in law or logic why the cost of moving a cattle pen and trough should not be likewise recoverable. Defendant’s witnesses testified that the labor costs involved in relocating the old facilities would be such as to make the purchase of new materials and the construction of new facilities more practical and economical, and there was no testimony to the contrary. For these reasons the trial judge awarded defendant the full cost of constructing the new facilities, and under the circumstances we again cannot say that he erred manifestly in so doing. In so holding we are not unmindful of the fact that the defendant’s land was of necessity more valuable when it contained a usable cattle pen .and trough, than it was when these structures were severed from the main tract and thus relegated to a position of uselessness. State, Department of Highways v. Mason, 254 La. 1035, 229 So.2d 89.
The award of $6,000,00 for inconvenience, safety hazard, and future additional costs for maintenance and repairs of the' water well, made by the trial court, presents a more serious question. This award was based on the fact that because of the location of the highway the distance between its hard surface shoulder and the well is a mere 28 feet, and the fact that the fence delineating the right-of-way line of the highway is in such close proximity to the well as to make the day to day maintenance operations thereof both inconvenient and hazardous. The testimony was to the effect that because of the short distance between the well and the highway it would be impossible to place derrick trucks on that side of the well, and that therefore it will be necessary to remove the well’s *202 engine each time that the well is reworked. The additional operation of removing the engine was said to increase the cost of reworking the well by some $1,050.00. The trial judge found that such wells need to be reworked on the average of once a decade and indeed there was testimony that far more frequent reworkings, sometimes as often as every two to four years, may be required. The well in question, which was twelve years old at the time of the trial, required such reworking after six years of operation. While mere inconvenience, etc., may not be recoverable items of damages, McMahon v. St. Louis, Arkansas, and Texas Railroad, 41 La.Ann. 827, 6 So. 640, it appears clear to us that the additional expenses which will be incurred in future reworkings of this well as a direct consequence of the expropriation have substantially diminished the value of the well. The evidence regarding the frequency of reworkings and the additional costs that will be involved in the reworking of this particular well was uncontradicted, and in view thereof it would be sheer speculation for us to disturb the trial court’s award for this item of damages. Accordingly it too will be affirmed. State, Department of Highways v. Garrick, 260 La. 340, 256 So. 2d 111.
 Finally the plaintiff complains of the award of $1,675.00 as the expert witness fee of one of defendant’s appraisers, Mr. Preston Babineaux, whereas only $600.00 was awarded for the other appraiser, Mr. Richard Reed. This contention is likewise without merit. The evidence shows that Mr. Babineaux spent some sixty-one hours working on these cases, whereas Mr. Reed spent only twenty-eight hours. In view of the great discretion permitted to the trial judge in fixing expert witness fees we are not inclined to disturb the instant awards. State, Department of Highways v. Smith, 272 So.2d 746; Columbia Gulf Transmission Company v. Fontenot, 187 So.2d 455, writ refused, 249 La. 717, 190 So.2d 234.
For the above and foregoing reasons the judgment of the District Court is affirmed at the costs of plaintiff-appellant.
Affirmed.
HOOD, J., dissents and assigns written reasons.