319 So.2d 468 (1975)
STATE of Louisiana, Through the DEPARTMENT OF HIGHWAYS
v.
William J. GUSTE, Jr., et al.
No. 6958.
Court of Appeal of Louisiana, Fourth Circuit.
September 9, 1975.
*469 D. Ross Banister, William W. Irwin, Jr., Jerry F. Davis, Johnie E. Branch, Jr., Baton Rouge, for plaintiff-appellant.
Guste, Barnett & Colomb, Dennis C. Strayhan, New Orleans, for defendants-appellees.
Before LEMMON, GULOTTA, and BEER, JJ.
BEER, Judge.
This appeal arises from an expropriation suit filed under the authority of the "quick taking statute" (LSA-R.S. 48:441 et seq.) to acquire a 10.074 acre portion of a 300-acre tract of land for the construction of the overall I10 improvements in the Parish of St. John the Baptist near LaPlace, Louisiana.
The land involved is low in elevation and subject to some tidal overflow from nearby Lake Maurepas. In its present condition its value is primarily speculative and at the time of the taking the land was not susceptible to any immediate use except for the cutting of some small amount of timber. However, like most land in the general area, it could be vestly improved by the construction of levees and the bringing in of large amounts of fill both of which, in this instance, would be very costly but feasible.
The sole issue at the trial and in this appeal is the value of the property taken by plaintiff. Both parties introduced evidence *470 of alleged "comparable" sales in the adjacent area and utilized the opinions of expert independent fee appraisers in an attempt to support a conclusion as to the value per acre of the property.
After trial the district court rendered judgment in which the property was valued at $375 per acre. In his reasons for judgment, the trial judge relies primarily upon the comparison of defendant's land to a tract of land located in nearby St. Charles Parish known as Willowdale Estates and essentially disregards the other comparables introduced by the parties. We agree that the other comparable sales offer little assistance in making an evaluation. Those sales relied upon by plaintiff generally concern much larger tracts than the one in question and the defendant's comparables, except for the Willowdale sale, deal with property that is considerably higher in elevation or with property sold after the taking.[1]
Mr. Max Derbes and Mr. Chester Driggers, plaintiff's witnesses, compared the property with tracts of land which were 18,565 acres; 15,634.64 acres; and 1,714.07 acres respectively. Mr. Derbes acknowledged that it was difficult to fairly compare sales when there is a great disparity in the size of the tracts involved. Mr. Driggers used the same comparables but did little to relate the characteristics of the compared tracts in order to substantiate his appraisal of the property. The defendant's first witness, Mr. Irvington Eppling, compared property in St. John the Baptist Parish sold in September 1965 but acknowledged that this property had a higher elevation than the Guste property. The other sale that he used was after the expropriation. His final comparable was not a sale but only an offer for a sale and was correctly inadmissible. State, through Dept. of Highways v. McDuffie, 240 La. 378, 123 So.2d 93 (1960) and Tennessee Gas Transmission Company v. Violet Trapping Company, 200 So.2d 428 (La.App.4th Cir. 1967), writs refused 251 La. 65, 203 So.2d 86.
Mr. Peter Talluto, defendant's last expert, mentioned various sales of different tracts, but did not explain his reasons for valuation of the Guste property. He also acknowledged that the five of the six sales that he did utilize involved property that was higher in elevation than the Guste property.
Since substantial adjustments were required for every comparable used by every appraiser, we find no error in the method by which the trial court sought to resolve the valuation issue. However, a review of the record indicates that some mathematical adjustment is necessary in the per acre valuation made by the trial court.
The trial judge inadvertently made use of an incorrect figure in the valuation computation regarding the per acre price at Willowdale. Evidence adduced at trial (and referred to in both briefs) indicates the Willowdale price per acre was $316.87 *471 and not $343 as noted by the trial court. Since the court's decision was substantially based upon the per acre valuation of Willowdale Estates, the $375 per acre figure is an unintentional overvaluation at least to the extent of the difference between $343 and $316.87. Accordingly, we feel required to initially reduce the trial court's valuation of the Guste property from $375 to $348.87.
We agree with the trial court's overall comparison of the two tracts of land. Willowdale is 1.24 miles from U. S. Highway 90 and approximately 16 miles from the City of New Orleans and the expropriated land is 1.4 miles from U. S. Highway 61 and approximately 17 miles from the City of New Orleans (or, at least, from New Orleans International Airport). We agree that the proximity of the Guste property to a major traffic artery and its relative closeness to the City of New Orleans are essential factors in computing the valuation of the 10.074 acres expropriated.
Taking these essential similarities into account, we note however, that the strip of land expropriated is located at the northernmost point of the overall tract, a distance of about one mile from the southern property line which adjoins a developing subdivision that fronts on U. S. Highway 61. Since the rear portion of the subject property is generally lower in elevation and further from present development and utilities than the front portion, we apply a further reduction using the methodology generally outlined by the Supreme Court of Louisiana in State of Louisiana through Dept. of Highways v. Crow, 286 So.2d 353 (1973); State of Louisiana through Dept. of Highways v. Hoyt, 284 So.2d 763 (1972).[2]
Using the basic figure of $348.87 per acre as the value of the entire subject property, and applying the consideration that the expropriated rear strip is less valuable than the front portion of the property, we deem the value of $250 per acre to be just and adequate compensation for the property taken.
Accordingly, the judgment of the trial court is amended only to the extent that the per acre valuation is changed from $375 to $250 and thus amended is affirmed. Each party is to bear its own costs.
Amended and affirmed.
NOTES
[1] While we believe the best evidence of the market value of expropriated property is recent sales of similar tracts in the same vicinity of the expropriated property, we do not feel that we should necessarily confine our review to sales that occurred before the taking. It seems logical to us that sales after the taking can be useful in confirming the value of the property and may be given weight accordingly. Subsequent sales unrelated to the expropriation are often indicative of the recent market trends and go towards establishing the market value at the time of the taking. State, Department of Highways v. DeRouen, 228 So.2d 659 (La.App.3rd Cir. 1969), reversed on other grounds, 256 La. 947, 240 So.2d 717 (1970). Furthermore, since enhanced value after a taking has been considered when property not forseeably included within a project is subsequently taken after the original expropriation, we believe that some reason exists to consider the value of expropriated property as reflected in comparable sales affected after the taking although the weight accorded such evidence will depend on the particular facts involved. State through Dept. of Highways v. St. Tammany Homestead Association, 304 So.2d 765 (La.App. 1st Cir. 1974), writs refused January 31, 1975.
[2] Defendant's expert acknowledged that rear lands were less valuable and used a forty percent deduction factor to adjust his comparable for this consideration.