SUMMERS, Justice.
We are reviewing a judgment of the Court of Appeal condemning the Department of Highways to pay to the Clerk of Court of Tangipahoa Parish the costs of court incurred in an expropriation proceeding.
On March 19, 1964, the Department of Highways instituted suit against some forty-six co-owners to expropriate lands to be used for the construction of a new alignment of a controlled-access highway from Amite to Tangipahoa on’ State Route La'. 1-55 in Tangipahoa Parish.
When suit was filed the Department deposited $25,520 as the estimated value of the land and rights to be taken. Thereafter, the landowner defendants, through their regular attorneys, negotiated with the Department as a result of which'the Department made a supplemental deposit of $1,230 on June 15, 1964, bringing the total deposit to $26,750.
Several days later a joint petition was filed in which the $26,750 deposit was accepted by the landowners in full settlement. On the basis of this joint petition, the District Court rendered judgment confirming the award of $26,750 as just and adequate compensation for the property expropriated. The Department was ordered to pay all costs of the proceedings.
The Clerk of Court of Tangipahoa Parish then submitted a hill to the Department in the amount of $2,283.90 for the court costs. The total amount included $1,909 for filing and certifying forty-six copies of the petition, order of expropriation, receipt and notice, all of which copies were actually furnished by the Department. The bill also included items totaling $159.75 representing the total costs incurred by the defendant landowners, which the Department paid. The Department refused, however, to pay *1047 the balance of $2,124.15 claimed by the clerk for his and the sheriff’s fees.
Upon the Department’s refusal, the clerk sought by rule to compel the payment, but the trial court dismissed the rule and held that the Department was not liable for the balance of the cost. On appeal the First Circuit reversed and we granted certiorari (182 So.2d 718).
The Department relies upon section 4521 of Title 13 of the Revised Statutes to relieve it from the payment of the costs the clerk claims. That enactment provides :
“Except as hereinafter provided, neither the state, nor any parish, municipality, or other political subdivision, public board or commission, shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the Parish of Orleans and the City of New Orleans. This section shall have no application to stenographers’ costs for taking testimony.”
This statute states most clearly that a state board or commission such as the Department of Highways shall not be required to pay any court costs other than stenographers’ fees. Thus, except for 'stenographers’ costs, the statute relieves the State and its subdivisions, boards and commissions of the payment of court costs “in any judicial proceeding” in any court of the State. This is simply a statutory embodiment of the long-established rule of law that a sovereign owes no costs in litigation before its own courts. Succession of Townsend, 40 La.Ann. 66 (1887).
Act 135 of 1936, as amended in particulars which are unimportant here, became Title 13, Section 4521 of the Revised Statutes and was first asserted to relieve the Highway Commission (now Department of Highways) from the payment of costs in Westwego Canal & Terminal Co. v. Louisiana Highway Commission, 200 La. 990, 9 So.2d 389 (1942). There, though not deciding the effect of the statute as regards the payment of costs by the Highway Commission generally, the court held that the act could not have the effect of relieving the Commission from the payment of costs in expropriation proceedings: It reasoned that to hold that the owner must pay his own costs in resisting attempts to take his land against his consent would deprive him, to the extent of those costs, of the just and adequate compensation to which he was entitled under the guarantee contained in Article I, Section 2, of Louisiana’s Constitution of 1921 for the taking or damaging of his property.
Much of the language of the Westwego case is broad and general and would sometime seem to require the Department to pay *1049 all court costs in all expropriation cases where the Department is cast. In spite of the broad and general terminology employed, however, the decision, when carefully considered, appears only to permit the landowner to recover the costs he expended; it does not purport to hold that the Commission was condemned to pay other court costs.
Seemingly, this point was clarified some time later when this court condemned the Commission to pay court costs incurred by the landowner defendant in an expropriation suit. Louisiana Highway Commission v. Davis, 204 La. 624, 16 So.2d 129 (1953). There the Commission tendered an amount which was later determined to be insufficient to meet the requirement of just and adequate compensation. On rehearing when the complaint was made that the Commission could not be condemned to pay costs because Act 135 of 1936 exempted that body from the payment of court costs in any judicial proceeding, the court, citing Westwego Canal & Terminal Co. v. Louisiana Highway Commission, declared that in tax-
ing costs against appellant “the court could not, nor did it intend to, include therein any costs other than those allowed by law, such as the stenographer’s costs specifically authorized * * * and such costs as may have been incurred by the defendants in the proceedings.” (Emphasis added.) See also State, Through Department of Highways v. Barineau, 225 La. 341, 72 So.2d 869 (1954).
In Housing Authority v. Polmer, 231 La. 452, 91 So.2d 600 (1956), we again dealt with costs in an expropriation proceeding ■saying:
“Defendant [Landowner] also contends that the judge erred in not condemning plaintiff [Housing Authority] to pay the costs incurred by him in these proceedings.
“This point is well taken. While R.S. 13:4521 exempts the state and its political subdivisions, public boards or' commissions from the paymént of court costs except for stenographers’ costs for taking testimony, it is well settled that'this act is without application to ,the costs expended by defendants in expropriation proceedings, see Westwego Canal & Term. Co. v. Louisiana Highway Comm. * * * unless tender of the true value of the property has been made before proceeding to a forced expropriation. R. S. 19:12 * * * In the instant matter, since plaintiff did not tender $3,600. to defendant prior to the institution of these proceedings, it should have been cast for defendanfs court costs.” (Emphasis added.)
In State, Through Department of Highways v. Rownd, 119 So.2d 282 (1960), the Orleans Court of Appeal declared that “in the absence of tender the expropriating body is liable for all costs incurred by the defendants under the clear provisions of LSA-R.S. 19:12.” This language, too, *1051 seems to restrict the Department’s liability for costs only to the costs incurred by the landowner who is successful in recovering more than the amount tendered in an expropriation proceeding.
Again in Orleans Parish School Board v. Brown, 245 La. 792, 161 So.2d 274 (1964), citing the Westwego case, this court declared that:
“Although R.S. 13:4521 relieves public boards from the payment of court costs, except stenographers’ costs for taking testimony, it is well settled that this provision is without application to costs expended by defendants in condemnation cases (see Westwego Canal & Term. Co. v. Louisiana Highway Comm., 200 La. 990, 9 So.2d 389), unless tender of the 'true value of the property has been made before proceeding to a forced expropriation. R.S. 9:12 * * *” ' (Emphasis added.)
Considered together, these various expressions clarify the rule established in the Westwego case. Nowhere in this State have the courts ruled, as the Court of Appeal did in this case, that Section 4521 is entirely inapplicable in expropriation proceedings. Yet the cases do stand for the proposition that the statute is inapplicable in expropriation proceedings insofar as the landowner defendant’s costs are concerned — unless, prior to instituting proceedings, the expropriating body has tendered an amount which is later determined to be just and adequate compensation for the property and rights taken. Nothing in the statute under consideration, the Constitution or general laws, would require the State, its subdivisions, or boards or commissions to pay court costs otherwise.
From the foregoing, the conclusion is apparent that only two clearly defined exceptions exist to the general proposition announced in Section 4521 that the State, its subdivisions, boards and commissions are not liable for the payment of court costs. Stenographers’ fees, of course, is one of the exceptions, established by the statute itself. The other exception, recognized by the Westwego case and its progeny, to which we have referred, is that which requires the expropriating body to pay the landowner defendant’s costs. The broad relief from the payment of costs established in favor of the State, its subdivisions, boards and commissions, is not otherwise qualified. The Department of Highway cannot, therefore, be compelled to pay the costs claimed by the clerk of court in this case.
For the reasons assigned, the judgment of the Court of Appeal is reversed and set aside, and the judgment of the District Court is reinstated and made the judgment of this court.