541 So.2d 247 (1989)
STATE of Louisiana, DEPARTMENT OF TRANSPORTATION AND DEVELOPMENT
v.
Thomas C. KEATING, et al.
Nos. 88-CA-1940, 88-CA-1941.
Court of Appeal of Louisiana, Fourth Circuit.
March 14, 1989.
*248 Frederick J. Fuselier, Office of Gen. Counsel, Baton Rouge, for plaintiff-appellant.
Before SCHOTT, C.J., and KLEES and WILLIAMS, JJ.
WILLIAMS, Judge.
In these consolidated expropriation suits, the narrow issue to be resolved on appeal is whether the expropriating authority, the State of Louisiana through the Department of Transportation and Development (DOTD), can be assessed with jury costs when the jury was requested by the DOTD and not by the defendants.[1] As we find that under LSA-R.S. 13:4521 and the rule set forth in State, Through Department of Highways v. Reimers, 249 La. 1044, 192 So.2d 558 (1966) which was reaffirmed in State, Through Department of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973), rehearing den., that such costs cannot legally be assessed against the DOTD, we reverse the trial court's judgment on its ex parte Rule to Show Cause which ordered the DOTD to pay to the Clerk of Court for the Twenty-Fifth Judicial District Court the sum of $1,216.80 for disbursement to jurors who served at the trial.
FACTS AND PROCEDURAL HISTORY
The four day trial of these consolidated expropriation cases commenced on April 27, 1987, with a jury of six and one alternate that had been requested by the DOTD pursuant to LSA-R.S. 48:451.1 and 48:451.3. At the conclusion of the presentation of evidence, the jury found for the defendants and the verdict was made the judgment of the court and entered into the minutes on June 3, 1987.
Subsequently, the parties' filed a joint petition showing that an agreement and settlement had been reached whereby defendants would accept $995,996.71 as a final award of just and adequate compensation for the property and property rights expropriated and for full settlement of all damages in both suits. Thereafter, the trial court entered its final judgment on October 6, 1987 in favor of both plaintiff and defendants in accordance with these terms, subject to the specific terms and conditions contained in the parties' joint petition. The court also ordered that the State of Louisiana, Department of Transportation and Development, pay all costs of the proceedings "for which it may be legally assessable".
On or about April 19, 1988, a spouse of one of the jurors who served at the trial informed the trial court that even though a year had elapsed since the trial of the cases, the juror's fees had not been paid to the juror. This notice prompted the trial court to issue an ex parte rule, ordering the State through the DOTD, to show cause why it should not be condemned to pay the costs associated with the jury trial that the State had demanded.
Both the State and defendants submitted memoranda on the Rule and after a hearing held on May 18, 1988, the court entered judgment on May 27, 1988 condemning the DOTD to pay to the Clerk of Court for the Twenty-Fifth Judicial District Court the sum of one thousand two hundred sixteen and 80/100 dollars ($1,216.80) for disbursement to the jurors who served at the trial of these suits. Being aggreived by this ruling, the State of Louisiana, through the DOTD brought this appeal.
ASSIGNMENT OF ERROR
The DOTD's sole contention is that the trial court erred in casting it for the cost of the jury because LSA-R.S. 13:4521 exempts the State and its political subdivisions from paying court costs and the exceptions to this statute are not applicable to the facts of this case. We agree.
The general rule, as set forth in LSA-R. S. 13:4521[2], is that the State and its subdivisions *249 are not required to pay court costs. State, Through Department of Highways v. Reimers, 249 La. 1044, 192 So.2d 558 (1966); State, Through Department of Highways v. Trippeer Realty Corp., 276 So.2d 315 (La.1973), rehearing den. The exceptions to this statutory rule are: 1) the express exception contained within LSA-R. S. 13:4521 pertaining to stenographers' costs for the taking of testimony; 2) the provisions of LSA-R.S. 13:5112[3] and 3) the constitutional and jurisprudential rule that the expropriating body pay the landowner defendant's costs when the expropriating body has not tendered an amount which is later determined to be just and adequate compensation for the property rights taken.[4] As the state correctly argues, however, these exceptions have no application to the facts of this case.
LSA-R.S. 13:5112 is inapplicable because the State agency is the plaintiff. State, Dept. of Transp. & Development v. C. Schnexnayder, Inc., 485 So.2d 939, 945 (La.App. 1st Cir.1986); but see State, Depart. of Transp. & Development v. Van Willet, 383 So.2d 1344 (La.App. 3d Cir.), writ. den., 390 So.2d 1337 (La.1980); State, Dept. of Transp. & Development v. Boyce Gin Co-op, Inc., 397 So.2d 1087 (La.App. 3d Cir.1981). Likewise, the rule that the expropriating body pay the defendant landowner's cost is not applicable because the DOTD requested the jury trial. As such, the cost of the jury was a cost incurred by the DOTD and not the defendants. Consequently, as per the provisions of LSA-R.S. 13:4521, the trial court was precluded from casting the DOTD with the cost of the jury. State, Through Dept. of Highways v. Reimers, 192 So.2d at 561; State, Through Dept. of Highways v. Trippeer Realty Corp., 276 So.2d at 322. The arguably inequitable result of this general rule is that even though the State requested the jury, a discretionary right under LSA-R.S. 48:451.1, the trial court must absorb its cost.
Our decision today is a result of the application of current statutory and jurisprudential rules of law. The wisdom of the continuation of this general rule or of the creation of additonal exceptions to this general rule is, more appropriately, a subject that should be addressed by our legislature rather than by this court.
Accordingly, the judgment of the trial court on the ex parte rule to show cause is reversed.
REVERSED.
KLEES, J., concurs with reasons.
KLEES, Judge, concurring.
I agree with the majority that the trial court judgment should be reversed as the relevant state statutes and jurisprudence prohibit the state and its subdivisions from paying court costs except in limited circumstances, none of which are applicable here. However, the court's order that the trial court or Clerk of Court absorb the jury *250 costs arising from the consolidated expropriation suits is misdirected. There is no legal basis which requires the trial court to bear the burden of this expense. I believe it is especially inequitable to impose upon the trial court or the Clerk of Court this burden where neither is a party to the litigation nor a party to the appeal.
Because the DOTD, through the state, was ordered to pay the jury costs based on the trial court's ex parte rule and is the only party before us on appeal, we are unable to fashion a more equitable solution. A remand to the trial court to allow joinder of other interested parties would be appropriate under the circumstances.
NOTES
[1] The jury was requested by the DOTD and not defendants. Consequently, defendants have no obligation to pay the cost of the jury and remain unaffected by the results of this opinion.
[2] LSA-R.S. 13:4521 provides in pertinent part:

State and its subdivisions, boards, and commissions are required to pay court costs
A. Except as provided in R.S. 13:5112 and as hereinafter provided, neither the state nor any parish, municipality, or other political subdivision, public board, or commission shall be required to pay court costs in any judicial proceeding instituted or prosecuted by or against the state or any such parish, municipality, or other political subdivision, board or commission, in any court of this state or any municipality of this state, including particularly, but not exclusively, those courts in the parish of Orleans and the city of New Orleans. This Section shall have no application to stenographers' costs for taking testimony. (emphasis added)
[3] LSA-R.S. 13:5112 provides in pertinent part:

Suits against the state or political subdivisions; court costs; interest
A. In any suit against the state or any department, board, commission, agency, or political subdivision thereof, the trial or appellate court, after taking into account any equitable considerations as it would under Article 1920 or Article 2164 of the Code of Civil Procedure, as applicable, may award in favor of the successful party and against the state, department, board, commission, agency, or political subdivision against which judgment is rendered, such court costs under R.S. 13:4533 and other applicable law as the court deems proper but, if awarded, shall express such costs in a dollar amount in a judgment of the trial court or decree of the appellate court. (emphasis added)
[4] LSA-Const. Art. 1, Sec. 4; State, Through Dept. of Highways v. Reimers, 192 So.2d at 561; State, Dept. of Transp. & Development v. Winn, 463 So.2d 648, 653 (La.App. 4th Cir.1984).