976 So.2d 1270 (2008)
Yvette ALEXANDER and Trudy M. White
v.
CITY OF BATON ROUGE/PARISH OF EAST BATON ROUGE and Lon Norris, Clerk/Judicial Administrator.
No. 2007-C-2348.
Supreme Court of Louisiana.
March 7, 2008.
In re White, Trudy M.; Alexander, Yvette et al.;  Plaintiff(s); Applying for Writ of Certiorari and/or Review, Parish of E. Baton Rouge, 19th Judicial District Court Div. M. Nos. 532,048; to the Court of Appeal, First Circuit, No. 2006 CA 2206.
Writ denied.
KIMBALL, J., recused.
JOHNSON, J., would grant and assigns reasons.
JOHNSON, J.
I would grant the writ application to consider the merits of the plaintiffs' claims.
Plaintiff, Judge Yvette Alexander, was elected to Division "D" of the Baton Rouge City Court in 1995. Plaintiff, Judge Trudy White, was elected to Division "B" of the same court on December 6, 1999. The court consists of Judges Alexander, White and three other judges. In February of 2002, the three other judges voted for the appointment of Lon Norris as Clerk/Judicial Administrator of the Baton Rouge City Court. Plaintiffs opposed Norris' appointment. This non-unanimous appointment resulted in a dispute regarding the appointing authority of the court. In January of 2005, the Judges of the Court decided by a 3-2 vote to reorganize the court, and delegated the Court's appointing authority to Norris. Norris' job description was subsequently amended to reflect this change, which included Norris' responsibility for "appointments, training, evaluation, and disciplinary matters for all classified and unclassified positions with City Court." This increased power apparently also allows Norris to select each Judge's law clerks and personal staff.
Plaintiffs filed the present action for declaratory judgment and injunctive relief, asserting that the appointment of the Clerk/Judicial Administrator must be a unanimous mandate of the City Court, and that the majority's actions stripped them of their appointing authority status. Defendants filed an exception of Lack of Subject Matter Jurisdiction alleging that the majority vote at the City Court administrative meeting mooted the issue of "appointing authority."
I would grant this writ application to consider this important issue of whether a sitting judge may be divested of appointing authority by a majority vote of his/her colleagues on the Court. It has long been *1271 recognized that a Judge is the appointing authority, with authority to hire and fire employees to assist with the work of the court. In my view, three judges by majority rule cannot usurp the authority of the plaintiff judges to manage and control the hiring and firing of employees of the Plaintiffs' divisions of Court.
In my view, the appointing power of an elected Judge to manage and control their division of court, and to properly exercise the duty of the court in general, arises out of the doctrine of inherent powers. In Konrad v. Jefferson Parish Council, 520 So.2d 393 (La.1988), this Court held that under the doctrine of inherent powers, courts have the power (other than those powers expressly enumerated in the constitution and the statutes) to do all things reasonably necessary for the exercise of their functions as courts. The doctrine is a corollary of the concepts of separation of powers and of judicial independence, in that other branches of government cannot, by denying resources or authority to the court, prevent the courts from carrying out their constitutional responsibilities as an independent branch of government.[1] The inherent power of the judiciary is a necessary concomitant to the judicial power, but pertains to the administration of the business of the court.
The doctrine of inherent powers has been utilized to require the appropriation or expenditure of funds reasonably necessary for the court's functioning as a court. See: McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3rd Cir.1983). In McCain, the court noted that: "In the instant case the [Police] Jury is the Legislative body of the Parish of Grant. The Plaintiff [Judge McCain] is of the Judiciary Body of said Parish. In order for the Judiciary Body through the Judge's Office to properly function free and untrammeled it cannot be directed, controlled or impeded in its functions by any of the other departments of government. The [Police] Jury by its failure to properly budget funds for the Judge's Office will reduce the efficiency and independence of same. This is not to be permitted."[2]
Judges, as with all elected officials, are obligated to perform certain duties, and are entitled to exercise certain powers in order to fulfill these obligations. Neither the State, Parish, City, nor other governing authority can prevent such elected officials from performing their duties. In this case, the Plaintiffs were entrusted with certain duties and obligations when they were elected to office. Plaintiffs are accountable for the actions in their own courtrooms, as well as the operation of the court as a whole. Plaintiffs have been stripped of their authority to hire and fire their own individual staffs, and stripped of their authority to control and manage the operation of their divisions of Court. The actions of the other three judges in usurping Plaintiffs' appointing power, and in appointing Norris as Clerk/Judicial Administrator, over plaintiffs' objections, have essentially prevented Plaintiffs from performing their official duties. In my view, this Court should grant the plaintiffs' *1272 writ application to address the merits of these concerns.
In addition, I would grant the writ application to consider whether the plaintiffs were properly taxed with costs related to these proceedings. In my view, Plaintiffs, as elected judges, were acting in their official capacity in bringing the instant action to assert and protect their appointing authority. As such, they should not be required to pay the costs incurred in this case. See: La. R.S. 13:4521; Twenty-First Judicial Dist. Court v. State, Through Guste, 563 So.2d 1185 (La.App. 1st Cir.1990)[citing Sales Tax District No. 1 of Parish of Lafourche v. Express Boat Company, Inc., 500 So.2d 364 (La.1987); State in the Interest of BS v. PS, 542 So.2d 1163 (La.App. 2nd Cir.1989); State Department of Transportation and Development v. Keating, 541 So.2d 247 (La.App. 4th Cir.1989); State in the Interest of JML, 540 So.2d 1244 (La.App. 3rd Cir. 1989); State in the Interest of JKF, 481 So.2d 194 (La.App. 1st Cir.1985)].
For these reasons I would grant the writ application.
NOTES
[1] United States v. Hudson, 11 U.S. (7 Cranch) 32, 3 L.Ed. 259 (1812); McCulloch v. Maryland, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819).
[2] Also see: Carriere v. St. Landry Parish Police Jury, 97-1914, 97-1937 (La.3/4/98), 707 So.2d 979, in which this court recognized that the legislature determines the duties of state officials such as coroners, and delegates some of the responsibility for funding the coroner's office to parish governing bodies. This Court held that when the legislature places the burden of paying salaries or other expenses of a state official on parish governing authorities, those bodies are generally obliged to pay these mandated expenses. Carriere, pp. 4-5, 707 So.2d at 981 (citing Reed v. Washington Parish Police Jury, 518 So.2d 1044, 1049 (La. 1988)).