976 So.2d 703 (2008)
Honorable Wilford D. CARTER
v.
HONORABLE JUDGES, DIVISIONS A-E, G, & I, 14TH JUDICIAL DISTRICT COURT.
No. 2008-C-0172.
Supreme Court of Louisiana.
March 14, 2008.
Writ application denied.
JOHNSON, J., would grant and assigns reasons.
JOHNSON, J.
I would grant the writ application to consider the merits of the plaintiff's claims.
Plaintiff, Judge Wilford D. Carter, was elected to Division "F" of the 14th Judicial District Court for the Parish of Calcasieu in 1993. In 2006, Judge Carter filed a "Petition for Writ of Mandamus and Rule to Show Cause and Declaratory Judgment," after the judges of the 14th Judicial District Court refused his request for payment of legal fees and expenses incurred in two separate legal proceedings. Judge *704 Carter asserts that both actions were brought in defense of his exercise of jurisdiction over Division "F" of the 14th Judicial District Court.[1] The Petition asks for a determination that the expenses in question were properly incurred in the performance of the official duties of his office and that the expenses must be paid out of public funds.
I would grant this writ application to consider whether Plaintiff is entitled to judicial review of the decision by the district court to deny applicant's request for funding, and whether the attorney's fees and costs incurred by Judge Carter were necessary for him to perform the duties and responsibilities required of him as Judge for Division "F."
A Judge has authority and jurisdiction to manage and control his section of Court. The other judges by majority rule cannot be allowed to usurp this authority. In my view, the power of an elected Judge to manage and control his/her division of court, and to properly exercise the duty of the court in general, arises out of the doctrine of inherent powers. In Konrad v. Jefferson Parish Council, 520 So.2d 393 (La.1988), this Court held that under the doctrine of inherent powers, courts have the power (other than those powers expressly enumerated in the constitution and the statutes) to do all things reasonably necessary for the exercise of their functions as courts. The doctrine is a corollary of the concepts of separation of powers and of judicial independence, in that other branches of government cannot, by denying resources or authority to the court, prevent the courts from carrying out their constitutional responsibilities as an independent branch of government.[2] The inherent power of the judiciary is a necessary concomitant to the judicial power, but pertains to the administration of the business of the court.
The doctrine of inherent powers has been utilized to require the appropriation or expenditure of funds reasonably necessary for the court's functioning as a court. See: McCain v. Grant Parish Police Jury, 440 So.2d 1369 (La.App. 3rd Cir.1983). In McCain, the court noted that: "In the instant case the [Police] Jury is the Legislative body of the Parish of Grant. The Plaintiff [Judge McCain] is of the Judiciary Body of said Parish. In order for the Judiciary Body through the Judge's Office to properly function free and untrammeled it cannot be directed, controlled or impeded in its functions by any of the other departments of government. The [Police] Jury by its failure to properly budget funds for the Judge's Office will reduce the efficiency and independence of same. This is not to be permitted."[3]
*705 The Court of Appeal decision focused on the language of La. R.S. 13:996.10 which states, in part, that the judicial expense fund "may be used for any purpose or purposes connected with, incidental to or related to the proper administration or function of the said court or the offices of the individual judges." (Emphasis added). The CA held that because the payment of expenses is permissive, the defendant judges did not have a legally-imposed duty to pay Judge Carter's attorney fees, and thus Judge Carter was not entitled to mandamus relief.
Judges, as with all elected officials, are obligated to perform certain duties, and are entitled to exercise certain powers in order to fulfill these obligations. Neither the State, Parish, City, nor other governing authority can prevent such elected officials from performing their duties. Nor should the other Judges on a Court be allowed to do so. In this case, the Plaintiff was entrusted with certain duties and obligations when he was elected to office. Plaintiff is accountable for the actions in his own courtroom, as well as the operation of the court as a whole. The Court majority cannot prohibit Judge Carter from operating his office or performing the duties and responsibilities assigned to him in his official, elected capacity.
I would grant the writ application to address whether Plaintiff, as an elected judge, was acting in his official capacity in bringing the underlying actions to assert and protect his authority. If so, Judge Carter, in my view, is entitled to attorney's fees and costs incurred in the underlying cases, and in this case. See: La. R.S. 13:4521; Twenty-First Judicial Dist. Court v. State, Through Guste, 563 So.2d 1185 (La.App. 1st Cir.1990)[citing Sales Tax District No. 1 of Parish of Lafourche v. Express Boat Company, Inc., 500 So.2d 364 (La.1987); State in the Interest of BS v. PS, 542 So.2d 1163 (La.App. 2nd Cir. 1989); State Department of Transportation and Development v. Keating, 541 So.2d 247 (La.App. 4th Cir.1989); State in the Interest of JML, 540 So.2d 1244 (La. App. 3rd Cir.1989); State in the Interest of JKF, 481 So.2d 194 (La.App. 1st Cir. 1985)].
For these reasons, I would grant the writ application.
NOTES
[1] One of the underlying actions arose out of an attempt by the District Attorney to compel Judge Carter's appearance in a criminal proceeding. The other action arose out of a dispute regarding the allotment of juvenile cases in the 14th JDC.
[2] United States v. Hudson, 11 U.S. (7 Cranch) 32, 3 L.Ed. 259 (1812); McCulloch v. Maryland, 17 U.S. (4 Wheat) 316, 4 L.Ed. 579 (1819).
[3] Also see: Carriere v. St. Landry Parish Police Jury, 97-1914, 97-1937 (La.3/4/98), 707 So.2d 979, in which this court recognized that the legislature determines the duties of state officials such as coroners, and delegates some of the responsibility for funding the coroner's office to parish governing bodies. This Court held that when the legislature places the burden of paying salaries or other expenses of a state official on parish governing authorities, those bodies are generally obliged to pay these mandated expenses. Carriere, pp. 4-5, 707 So.2d at 981 (citing Reed v. Washington Parish Police Jury, 518 So.2d 1044, 1049 (La. 1988)).